IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MACK, and | ) | |
| CHRISTOPHER MACK, on behalf of | ) | 1:10-cv-4244 |
| themselves and others similarly situated, | ) | |
| Plaintiffs, | ) | |
| v. | ) | |
| | ) | |
| MRS ASSOCIATES, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

Plaintiffs respectfully request that, pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), this Court certify this case as a class action for the following class of similarly situated persons:

> All persons located in Illinois who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded or artificial voice message, where MRS' records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing, or "trapped" captured by telephone equipment) where any call was made at any time between and including July 8, 2006, and July 8, 2010.

Plaintiffs further request that the Court appoint plaintiffs David Mack and Christopher Mack as the class representatives, and Burke Law Offices, LLC as class counsel.

In further support of this motion, plaintiffs state:

1.  Plaintiffs David and Christopher Mack bring this action against MRS Associates, Inc. ("MRS") to secure redress for violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA").

2.  The TCPA, 47 U.S.C. §227(b) prohibits calling cell phones using autodialers and/or prerecorded messages; so-called "robocalls." *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270

1

(N.D.Ill. May 5, 2010) (Zagel, J.).  The TCPA is a strict liability statute, and there is no "bona fide error" defense available, *Hicks v. Client Services, Inc.*, 2009 WL 2365637 (S.D.Fla. June 9, 2009) (summary judgment entered in favor of plaintiff), although there is a "prior express consent" affirmative defense.

3. Plaintiffs are brothers.  The defendant debt collection agency called each plaintiff's cell phone systematically approximately forty times using an automatic telephone dialing system in attempts to collect a debt from the plaintiffs' mother, Julie Schultz.

4. Discovery will show that MRS apparently obtained David and Christopher's cell phone numbers, along with several other telephone numbers that are loosely associated with Julie Schultz, including plaintiff's mother's landline and several defunct telephone numbers of Julie's through a skip trace. MRS placed all of these numbers into a dialing campaign would then have its dialers "ambush" call all of these telephone numbers at the same instant.

5. Plaintiffs bring this action on behalf of all persons whose cell phones defendant called using its autodialer or prerecorded message, who, like David and Christopher, MRS called using its dialer but who had no association with MRS.  The class definition is designed so that persons who were called using the allegedly illegal equipment who had not provided prior express consent at the time of the calls, are class members.

6. All requirements of Rule 23 of the Federal Rules of Civil Procedure have been met.  Plaintiff files this motion along with the complaint in order to avoid the plaintiff from being "picked off" through a Rule 68 or individual settlement offer, as suggested by some court decisions. *Greisz v. Household Bank*, 176 F.3d 1012 (7th Cir. 1999).  While plaintiff does not believe *Griesz* is correct or controlling, counsel feels it is appropriate under the circumstances

to file this motion early in the case in order to avoid the situation entirely. Plaintiffs request that the Court either enter and continue the motion or set a briefing schedule sufficiently long so that plaintiffs may serve the complaint, take discovery and file a supplemental memorandum of law in support of this motion.

7. <u>Numerosity</u>. Given the nature of the alleged violations, i.e. making automatically dialed and prerecorded message telephone calls to debtors, it is reasonable to infer that the defendant made more than the 40 or so impermissible robocalls necessary to satisfy numerosity. Joinder is therefore impracticable and satisfy numerosity for certification purposes. Fed.R.Civ.P. 23(a)(1).

8. <u>Common Questions Predominate</u>. There exist common questions of law and fact, which predominate over any individual questions. The class definition ensures that all of class members have identical claims; both factually and legally. Fed.R.Civ.P. 23(a)(2) & 23(b)(3).

9. <u>Typicality</u>. Similarly, the plaintiffs' claims are typical of the other class members. All of the claims are based upon a substantially identical set of facts and circumstances. Fed.R.Civ.P. 23(a)(3).

10. <u>Adequacy</u>. Plaintiffs and counsel will fairly and adequately represent the class. Plaintiffs' interests in this litigation are aligned with those of the class, and they have hired a lawyer experienced in class action and consumer litigation. <u>Exhibit A</u>. Fed.R.Civ.P. 23(a)(4).

11. <u>Defendant's Actions Applicable Generally</u>. The defendant has acted or failed to act on grounds generally applicable to each class member, and it is these generalized actions around which this case revolves. Defendant called each class member, with whom defendant did not have a preexisting relationship, on his or her cellular telephone using an autodialer.

Class-wide Injunctive relief under the TCPA 47 U.S.C. §227(b)(3)(A), along with corresponding declaratory relief is therefore appropriate. Fed.R.Civ.P. 23(b)(2). All class members, who are the incorrect party, would benefit from the cessation of these annoying calls and defendant's opt-out policy.

12. <u>Superiority</u>. It is desirable to have this case litigated as a class action because the class mechanism is superior to individual actions. Plaintiffs are not aware of any other cases alleging similar facts against these defendants; likely because the other members of the class are not aware that their rights have been violated. Further, a class action is necessary to determine that defendants' conduct is a violation of law and to redress the class members' statutory damages. Fed.R.Civ.P. 23(b)(3).

13. Because the prerequisites of Fed.R.Civ.P. 23(b)(2) and 23(b)(3) are satisfied, this Court should certify the class. Plaintiffs request that the Court set a briefing schedule for this motion sufficient to permit time for service of the complaint, discovery and the filing of a supplemental memorandum in support of this motion.

WHEREFORE, plaintiffs respectfully request that this Court certify this case as a class action as to the class defined herein, and appoint plaintiffs David and Christopher Mack as class representative, and Burke Law Offices, LLC as class counsel.

                                                        Respectfully submitted,

                                                        /s/Alexander H. Burke

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288

(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

# Exhibit A

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID MACK, and )
CHRISTOPHER MACK, )
    Plaintiffs, )
)
v. )
)
MRS ASSOCIATES, INC., ) JURY TRIAL DEMANDED
    Defendant. )

### DECLARATION OF ALEXANDER H. BURKE

I am Alexander H. Burke, manager of Burke Law Offices, LLC.

In September 2008, I opened Burke Law Offices, LLC. This firm concentrates on consumer class action and consumer work on the plaintiff side. Since the firm began, it has prosecuted cases for consumers under the Fair Debt Collection Practices Act, Fair Credit Reporting Act, Equal Credit Opportunity Act, Electronic Funds Transfer Act, Illinois Consumer Fraud Act, Truth in Lending Act and the Fair Labor Standards Act, among others. The firm also occasionally accepts mortgage foreclosure defense or credit card defense case. Except for debt collection defense cases, the firm works almost exclusively on a contingency basis.

My legal career began at Edelman, Combs, Latturner & Goodwin, LLC, in Chicago, Illinois, where I spent nearly three years litigating exclusively consumer cases. I estimate that approximately sixty-five percent of those cases were class actions. In 2007, I joined the Law Offices of Keith J. Keogh, Ltd., another consumer rights law firm, where my practice was again limited almost exclusively to consumer class action.

I make substantial efforts to remain current on the law, including class action issues. I attended the National Consumer Law Center Consumer Rights Litigation Conference in 2006, 2007, 2008 and 2009, and was an active participant in the Consumer Class Action Intensive Symposium at each of those conferences. In October 2009, I spoke on a panel of consumer class action attorneys welcoming newcomers to the conference. In addition to regularly attending Chicago Bar Association meetings and events, I am the vice-chair of the Chicago Bar Association's consumer protection section, and in November 2009, I moderated a panel of judges and attorneys discussing recent events and decisions concerning arbitration of consumer claims and class action bans in consumer contracts.

Some notable class actions that I have worked on include:

*Greene v. DirecTV, Inc.*, 2010 WL 1506730 (N.D.Ill. April 14, 2010) (motion to dismiss denied as to class TCPA and FCRA claims); *Donnelly v. NCO Financial Systems, Inc.*, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009) Fed.R.Civ.P. 72 objections overruled in toto, --- F.Supp.2d ----, 2010 WL 308975 (N.D.Ill. Jan 13, 2010) (novel class action and TCPA discovery issues decided favorably to class); *Cicilline v. Jewel Food Stores, Inc.*, 542 F.Supp.2d 831 (N.D.Ill. 2008) (FCRA class certification granted); 542 F.Supp.2d 842 (N.D.Ill. 2008) (plaintiffs' motion for judgment on pleadings granted); *Harris v. Best Buy Co.*, 07 C 2559, 2008 U.S. Dist. LEXIS 22166 (N.D.Ill. March 20, 2008) (Class certification granted); *Matthews v. United Retail, Inc.*, 248 F.R.D. 210 (N.D.Ill. 2008) (FCRA class certification granted); *Redmon v. Uncle Julio's, Inc.*, 249 F.R.D. 290 (N.D.Ill. 2008) (FCRA class certification granted); *Harris v. Circuit City Stores, Inc.*, 2008 U.S. Dist. LEXIS 12596, 2008 WL 400862 (N.D. Ill. Feb. 7, 2008) (FCRA class certification granted); aff'd upon objection (Mar. 28, 2008); *Harris v. Wal-Mart Stores, Inc.*, 2007 U.S. Dist. LEXIS 76012 (N.D. Ill. Oct. 10, 2007) (motion to dismiss in putative class action denied); *Barnes v. FleetBoston Fin. Corp.*, C.A. No. 01-10395-NG, 2006 U.S. Dist. LEXIS 71072 (D.Mass. Aug. 22, 2006) (appeal bond required for potentially frivolous objection to large class action settlement, and resulting in a $12.5 million settlement for Massachusetts consumers); *Longo v. Law Offices of Gerald E. Moore & Assocs.*, P.C., 04 C 5759, 2006 U.S. Dist. LEXIS 19624 (N.D.Ill. March 30, 2006) (class certification granted); *Nichols v. Northland Groups, Inc.*, case nos. 05 C 2701, 05 C 5523, 06 C 43, 2006 U.S. Dist. LEXIS 15037 (N.D.Ill. March 31, 2006) (class certification granted for concurrent classes against same defendant for ongoing violations); *Lucas v. GC Services, L.P.*, case No. 2:03 cv 498, 226 F.R.D. 328 (N.D.Ind. 2004) (compelling discovery), 226 F.R.D. 337 (N.D.Ind. 2005) (granting class certification); *Murry v. America's Mortg. Banc, Inc.*, case nos. 03 C 5811, 03 C 6186, 2005 WL 1323364 (N.D. Ill. May 5, 2006) (Report and Recommendation granting class certification), aff'd, 2006 WL 1647531 (June 5, 2006); *Rawson v. Credigy Receivables, Inc.*, case no. 05 C 6032, 2006 U.S. Dist. LEXIS 6450 (N.D. Ill. Feb. 16, 2006) (denying motion to dismiss in class case against debt collector for suing on time-barred debts).

I graduated from Colgate University in 1997 (B.A. International Relations), and from Loyola University Chicago School of Law in 2003 (J.D.). During law school I served as an extern to the Honorable Robert W. Gettleman of the District Court for the Northern District of Illinois and as a law clerk for the Honorable Nancy Jo Arnold, Chancery Division, Circuit Court of Cook County. I also served as an extern for the United States Attorney for the Northern District of Illinois and was a research assistant to adjunct professor Honorable Michael J. Howlett, Jr.

I was the Feature Articles Editor of the Loyola Consumer Law Review and Executive Editor of the International Law Forum. My published work includes International Harvesting on the Internet: A Consumer's Perspective on 2001 Proposed Legislation Restricting the Use of Cookies and Information Sharing, 14 Loy. Consumer L. Rev. 125 (2002).

I became licensed to practice law in the State of Illinois in 2003, and am a member of the bar of the United States Court of Appeals for the Seventh and First Circuits, as well as the Northern District of Illinois, Central District of Illinois, Southern District of Illinois, Eastern District of Wisconsin, Northern District of Indiana and Southern District of Indiana. In 2009-10, I was the vice chair of the Consumer Protection section of the Chicago Bar Association, and will

be the chair of that group for the 2010-2011 year. I am also a member of the Illinois State Bar Association, the Seventh Circuit Bar Association and the American Bar Association, as well as the National Association of Consumer Advocates.

    I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed in Chicago, Illinois
July 8, 2010

Alexander H. Burke