# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| DAVID MACK, and CHRISTOPHER MACK, on behalf of themselves and others similarly situated,, <br><br> Plaintiffs, <br><br> v. <br><br> MRS ASSOCIATES, INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Case No.: 1:10-cv-4244 <br><br> Judge: |

## ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

Defendant, MRS ASSOCIATES, INC., by and through its attorneys, David M. Schultz and James C. Vlahakis, submits the following as its Answer and Affirmative Defenses to Plaintiffs' Complaint:

1. Plaintiffs David and Christopher Mack ("plaintiffs"), bring this action to secure redress for unlawful debt collection practice engaged in by defendant MRS Associates, Inc. ("MRS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

**ANSWER:** Defendant admit that Plaintiffs purport to bring this action to secure redress for alleged debt collection engaged in by defendant MRS Associates, Inc. ("MRS") which Plaintiffs claim violates the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. Defendant denies that it has violated either statute.

2. MRS repeatedly called both David and Christopher Mack on their cell phones using an automatic telephone dialing system and/or prerecorded or artificial voice message.

Neither David nor Christopher Mack a relationship with MRS; the calls were made in attempts to collect a debt allegedly owed by another person.

**ANSWER:** Objection, Plaintiff has not defined the phrase "automatic telephone dialing system." Accordingly, Defendant lacks knowledge or information sufficient to admit or deny whether an undefined "automatic telephone dialing system" was used to place the subject calls. Subject to and without waiving the above objection, Defendant admits that the calls were made using a telephone dialing system which had the capability of leaving a prerecorded voice message under certain circumstances and that it called certain telephone numbers associated with Julie Mack to collect debt owed by Julie Mack. Defendant, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

## JURISDICTION

3. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), because this action arises under the laws of the United States, 47 U.S.C. §227 and 15 U.S.C. §1692k (FDCPA).

**ANSWER:** Defendant admits the above allegations.

4. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

**ANSWER:** Defendant admits the above allegations.

## PARTIES

5. Plaintiffs are individuals who reside in this District. Christopher and David Mack are brothers.

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny the above allegations.

6. MRS is a debt collection agency that has its headquarters in Cherry Hill, New Jersey.

**ANSWER:** Defendant admits the above allegations.

## FACTS

7. MRS called each plaintiff numerous times in attempts to collect a debt allegedly owed to MRS by their mother, Julie Schultz.

**ANSWER:** Defendant admits that it called numbers associated with Plaintiff on numerous occasions to collect a debt owed by Julie Shultz. Defendant, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

8. Upon information and belief, most of the calls to each plaintiff were made using a "Predictive Dialer." That is to say, no human being dialed the digits to make the call; an automated system did. Predictive Dialers typically work "campaigns", whereby they automatically dial telephone numbers in a manner designed to efficiently collect debts.

**ANSWER:** Objection, Plaintiff has not adequately defined the phrase "predictive dialer." Accordingly, Defendant lacks knowledge or information sufficient to admit or deny whether an undefined "predictive dialer" was used to place the subject calls. Subject to and without waiving this objection, Defendant admits that dialing software it uses can dial telephone numbers from a list or "dialing campaign" that consists of telephone numbers that one or more employees has selected from its database based on certain criteria chosen by one or more employees. When numbers in a dialing campaign are dialed by the dialing software, a human being does not manually dial the number, although a human being has selected the numbers that will be included in the campaign. Defendant denies the remaining allegations not otherwise answered or admitted above.

9. The Predictive Dialer campaign MRS employed as to plaintiffs can be described as "ambush" calling. Upon information and belief, based upon telephone records, MRS' practice was to have its predictive dialer call up to six different telephone numbers that it had associated with the alleged debtor, almost simultaneously.

**ANSWER:** Objection, Plaintiff has not adequately defined the terms "predictive dialer", "'ambush' calling" and "simultaneously." Subject to and without waiving these objections, Defendant admits that its records document calls were placed to different phone numbers associated with Plaintiff, sometimes within minutes of each call. Defendants deny the remaining allegations.

10. Both David and Christopher's cell phone numbers were part of more than forty ambush calling sessions.

**ANSWER:** Defendant incorporates the above allegations and denies that it conducted an "ambush calling sessions." Subject to and without waiving this objection, Defendant states that it lacks knowledge or information sufficient to admit or deny whether Plaintiffs' cell phone numbers were part of any calling sessions, and Defendant denies that any phone numbers were part of more than forty "ambush calling sessions."

11. MRS had no good reason to call David and Christopher. It knew the location information for the alleged debtor from whom it was trying to collect. The repeated, automated calls to plaintiffs were designed to humiliate Julie Schultz into paying the alleged debt, through annoying her family and friends. The calls were unwarranted, inappropriate and were an illegal invasion of plaintiffs' privacy, not to mention an invasion of plaintiffs' mother's privacy.

6592568v1 999999 999999

**ANSWER:** Defendant lacks knowledge or information sufficient to admit or deny whether it called Plaintiffs with the exception of admitting that it had obtained telephone numbers associated with Julie Schultz from her creditor. Defendant denies the above allegations

12. Upon information and belief, MRS obtained plaintiffs' telephone numbers through a skip trace of Julie Schultz.

**ANSWER:** Defendant denies the above allegations.

## COUNT I - TCPA - CLASS CLAIM

13. Plaintiff incorporates all previous paragraphs.

**ANSWER:** Defendant incorporates its previous answers and objections.

14. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message.

**ANSWER:** Defendant denies the above allegation as the above allegation does not accurately identify the law.

15. Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

**ANSWER:**

16. The defendant's calls were negligent, or alternatively, they were willful. 47 U.S.C. §312(f)(1).

**ANSWER:** Defendant denies the above allegations.

### Class Allegations

17. Plaintiff brings Count I on behalf of a class pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), which consists of:

5

All persons located in Illinois who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded or artificial voice message, where MRS' records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing, or "trapped" captured by telephone equipment from where any call was made at any time between and including July 8, 2006, and July 8, 2010.

**ANSWER:** Defendant admits that Plaintiff has brought this case as a class action as defined above.

18. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

  a. Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

  b. Damages, including whether the violation was willful.

**ANSWER:** Defendant denies these allegations.

19. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

**ANSWER:** Defendant admits that Plaintiffs have retained counsel competent and experienced in class action litigation. Defendant, however, lacks knowledge or information sufficient to admit or deny the remaining allegations.

20. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of

similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

**ANSWER:** Defendant denies the above allegations.

21. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

**ANSWER:** Defendant denies the above allegations.

22. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

**ANSWER:** Defendant denies the above allegations.

23. The identity of the class is likely readily identifiable from defendant's records.

**ANSWER:** Defendant denies the above allegations.

24. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

**ANSWER:** Defendant denies the above allegations.

### COUNT II – FDCPA - INDIVIDUAL

25. Plaintiff incorporates all previous allegations.

**ANSWER:** Defendant incorporates its previous answers and objections.

26. It is unfair, unconscionable for a debt collector to use Predictive Dialer campaigns in the manner described above.

**ANSWER:** Defendant incorporates its objections to the term "predictive dialer," and objects to the fact that Plaintiff has not defined the phrase "Predictive Dialer campaigns." Subject to and without waiving these objections, Defendant denies and it has violated the FDCPA in the manner alleged.

27. 15 U.S.C. § 1692d(5) prohibits a debt collector from engaging in activities that, within in the common course, lead to annoy or harass:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.
>
> Without limiting the general application of the foregoing, the following conduct is a violation of this section: ****
>
> (5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

**ANSWER:** Defendant admits that Plaintiffs have quoted a portion of 15 U.S.C. § 1692d(5) and that § 1692d(5) prohibits a debt collector from engaging in activities that, within in the common course, lead to annoy or harass.

28. Repeatedly calling a cell phone number known to be that of someone other than the debtor violates section 1691d.

**ANSWER:** Defendant denies this allegation.

29. Further, 15 U.S.C. §1692f prohibits debt collectors from using unconscionable practices in attempts to collect debt:

> A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

**ANSWER:** Defendant admits that Plaintiffs have quoted a portion of 15 U.S.C. § 1692f and that § 1692f prohibits debt collectors from using unconscionable practices in attempts to collect debt.

6592568v1 999999 999999

30. It is unfair and unconscionable with respect to the non-debtor plaintiffs, to repeatedly call them on their cell phones using an autodialer and/or prerecorded message, in efforts to collect a debt from someone else.

**ANSWER:** Defendant incorporates its objections to the term "autodialer." Subject to and without waiving these objections, Defendant denies and it has violated the FDCPA in the manner alleged.

31. Plaintiffs have been damaged by the defendant's illegal activities.

**ANSWER:** Defendant denies the above allegations.

By: /s/ James C. Vlahakis
Attorney for Defendant, MRS Associates, Inc.

David M. Schultz
James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 (fax)
dschultz@hinshawlaw.com
jvlahakis@hinshawlaw.com

**AFFIRMATIVE DEFENSES**

1. At all pertinent times, Defendant acted in good faith reliance on the information provided by the creditor of the subject account.

2. The Complaint fails to state claim upon which relief can be granted under the TCPA and the FDCPA

3. The Complaint fails to state claim upon which relief can be granted under the FCC Exception to the TCPA.

4. The Complaint fails to state a claim upon which relief can be granted to the extent that the underlying debtor gave consent to receive telephone calls on her cellular telephone.

5. The Complaint fails to state a claim upon which relief can be granted to the extent that Plaintiffs do not own the telephone(s) associated with the subject telephone numbers.

6. Any purported violation of the TCPA, which Defendant denies occurred, was unintentional, and occurred despite of procedures reasonably adapted and maintained to avoid such error.

By: /s/ James C. Vlahakis
Attorney for Defendant, MRS Associates, Inc.

David M. Schultz
James C. Vlahakis
Hinshaw & Culbertson LLP
222 N. LaSalle, Suite 300
Chicago, IL 60601
312-704-3000
312-704-3001 (fax)
dschultz@hinshawlaw.com
jvlahakis@hinshawlaw.com

6592568v1 999999 999999

## **CERTIFICATE OF SERVICE**

      I hereby certify that on August 26, 2010 I electronically filed **Defendant's Answer and Affirmative Defenses to Plaintiff's Complaint** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to all counsel of record.

                                          Counsel for Defendant,

                                          s/James C. Vlahakis
                                          James C. Vlahakis
                                          Hinshaw & Culbertson LLP
                                          222 North LaSalle, Suite 300
                                          Chicago, IL 60601
                                          tel: 312-704-3000
                                          fax: 312-704-3001
                                          jvlahakis@hinshawlaw.com