IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MACK and CHRISTOPHER MACK, on behalf of themselves and others similarly situated, | Judge William J. Hibbler |
| | Case No.: 1:10-cv-04244 |
| Plaintiff, | |
| v. | |
| MRS ASSOCIATES, INC., | |
| Defendant. | |

**MEMORANDUM IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

Defendant, MRS Associates, Inc., n/k/a MRS BPO LLC ("MRS"), submits this memorandum in support of its Motion for Partial Summary Judgment.

**I. INTRODUCTION**

On January 7, 2011, Christopher Mack voluntarily dismissed his claims without prejudice. *See* Docket No. 15. *David Mack is the only remaining plaintiff in this case*.

Plaintiff alleges he received calls from MRS on a cellular telephone number ending with the last four digits of 9181. Plaintiff alleges MRS violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, by making the calls. MRS denies that it violated the TCPA in any way. However, even if MRS did violate the TCPA by calling the 9181 number, plaintiff does *not* have statutory standing to assert a TCPA claim relating to the calls.

The facts are undisputed. Plaintiff was *not* the called party/intended recipient of the calls. Plaintiff alleges MRS called him "to collect a debt allegedly owed to MRS by [his] mother, Julie Schultz." Docket No. 1, at ¶ 7. Moreover, plaintiff is *not* the cell phone subscriber for the 9181 number. Considering these undisputed facts, plaintiff lacks statutory standing to assert a TCPA

claim relating to the alleged calls. *See*, *e.g.*, *Leyse v. Bank of America, Nat. Ass'n*, 2010 WL 2382400, *4 (S.D. N.Y. 2010) (dismissing the plaintiff's TCPA claim because the plaintiff was not the "called party" or intended recipient of the call); *Cellco Partnership v. Dealers Warranty, LLC*, 2010 WL 3946713, *9-10 (D. N.J. 2010) (dismissing the plaintiff's TCPA claim because the plaintiff was not "the party to whom the call [was] directed" or "intended recipient of the call").

## II. PROCEDURAL HISTORY

On July 8, 2010, Christopher and David Mack filed their Complaint. *See* Docket No. 1. On January 7, 2011, Christopher Mack voluntarily dismissed his claims without prejudice, leaving David Mack as the only remaining plaintiff in this case. *See* Docket No. 15.

Plaintiff asserts two counts. *See* Docket No. 1, at ¶¶ 13-31. In Count 1, plaintiff asserts a TCPA claim. *Id.* at ¶¶ 13-24. Plaintiff alleges MRS violated the TCPA by calling the 9181 number in an attempt to collect a debt allegedly owed by his mother. *Id.* Plaintiff seeks to bring the TCPA claim on behalf of a class of individuals who are allegedly similarly situated. *Id.* at ¶ 17.

In Count 2, plaintiff asserts a claim under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. *Id.* at ¶¶ 25-31. Plaintiff's FDCPA claim is only brought on an individual basis. *Id.*

At this time, MRS only seeks to dismiss plaintiff's TCPA claim.

## III. LAW AND ARGUMENT SUMMARY

"In 1991, Congress amended the Communications Act of 1934, 47 U.S.C. § 201, *et seq.*, with the enactment of the [TCPA], Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227)." *International Science & Technology Institute, Inc. v. Inacom Communications,*

2

*Inc.*, 106 F.3d 1146, 1150 (4th Cir. 1997). "[T]he TCPA seeks to deal with an increasingly common nuisance—*telemarketing*." *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 514 (3d Cir. 1998) (emphasis added). "In the TCPA, Congress found that unrestricted telemarketing can be an intrusive invasion of privacy and that many consumers are outraged by the proliferation of intrusive calls to their homes from *telemarketers*." *F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 857 (10th Cir. 2003) (*citing* Pub. L. No. 102-243, at § 2) (emphasis added). As the Second Circuit has explained, "[w]hile more than forty state legislatures previously enacted measures restricting unsolicited telemarketing, 'these had limited effect because States do not have jurisdiction over interstate calls.' The legislative history of the TCPA 'indicates that Congress intended the TCPA to provide interstitial law preventing evasion of state law by calling across state lines.'" *Bonime v. Avaya, Inc.*, 547 F.3d 497, 499 (2d Cir. 2008) (citations omitted).

The TCPA places limitations on telemarketing calls to *landlines* and *cell phones*. With respect to *landlines*, the TCPA provides:

> It shall be unlawful for any person within the United States . . . to initiate any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without the prior express consent of the *called party*, unless the call . . . is exempted by rule or order by the [Federal Communications Commission] under paragraph (2)(B) [wherein authority is granted to the Federal Communications Commission to create exemptions to this provision.]

47 U.S.C. § 227(b)(1)(B) (emphasis added). As to *cell phones*, the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the *called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the *called party* is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

MRS is *not* a telemarketer. Instead, MRS is a debt collector generally subject to the restrictions set forth in the FDCPA – the federal statute that regulates debt collectors. *For purposes of this motion only*, however, MRS will assume the TCPA may be applied to non-telemarketers. *But see Starkey v. Firstsource Advantage, LLC*, 2010 WL 2541756, *5 (W.D. N.Y. 2010) ("The FDCPA, not the TCPA, was enacted by Congress to, *inter alia*, eliminate abusive debt collection practices by debt collectors."); *Garo v. Global Credit & Collection Corp.*, 2010 WL 5108605, *2 (D. Ariz. 2010) ("To the extent then that the automatic calls were debt collection calls, as the [Second Amended Complaint] alleges, Plaintiffs do not state a claim under the TCPA."). Even with this assumption, plaintiff's TCPA claim fails as a matter of law because plaintiff does *not* have statutory standing to assert the TCPA claim.

*A. Plaintiff Does Not Have Statutory Standing to Assert the TCPA Claim*

"Rather than dealing with the jurisdiction of the federal courts, statutory standing is simply a matter of statutory interpretation. In determining whether a plaintiff has statutory standing, a court considers whether Congress, via a statutory provision, 'has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.'" *George v. Kraft Foods Global, Inc.*, 270 F.R.D. 355, 364 (N.D. Ill. 2010) (citations omitted) (emphasis in original); *see also Kohen v. Pacific Inv. Management Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (a party lacks "statutory standing" in situations where "although the plaintiff has been injured and would benefit from a favorable judgment and so has standing in the Article III sense, he is suing under a statute that was not intended to give him a right to sue[.]").

Plaintiff alleges MRS violated the TCPA cell phone provision, *i.e.*, 47 U.S.C. § 227(b)(1)(A)(iii), by calling the 9181 number. *See* Docket No. 1, at ¶ 14. Plaintiff is incorrect. However, even if MRS did violate the TCPA by calling the 9181 number, as explained below,

plaintiff does *not* have statutory standing to assert the TCPA claim.

In *Leyse*, the plaintiff filed a class action asserting a TCPA *landline claim* against the defendant (*i.e.*, Bank of America). *See Leyse*, 2010 WL 2382400 at *1. The court observed "[t]he 'called party' has standing to bring suit against a person or entity that violates the TCPA, even if the called party has suffered no actual harm." *Id.* at *3. The plaintiff argued he was the "called party" because he answered the defendant's telephone call for his roommate. *Id.* at *1. The Court disagreed and ruled:

> [I]n this case [plaintiff] is not a "called party" within the meaning of § 227(b)(1)(B). The uncontroverted evidence shows that DialAmerica, the entity that placed the call on behalf of Bank of America, placed the call to [Ms.] Dutriaux, [plaintiff's] roommate and the telephone subscriber. DialAmerica's records demonstrate that it associated the phone number with [Ms.] Dutriaux, not with [plaintiff]. To the extent that [plaintiff] picked up the phone, *he was an unintended and incidental recipient of the call*.

*Id.* at *4 (emphasis added).

The *Leyse* court ruled the person who has statutory standing under the TCPA is the individual the defendant was attempting to reach. *Id.* at *5-6. The court rejected the defendant's argument that only the telephone subscriber has standing. *Id.* at *5. The court explained:

> The TCPA is not as infirm as either party suggests. The face of the statute itself permits prerecorded calls when a business has the prior express consent of the "called party." It is apparent that in this case [plaintiff] was not the called party, although [plaintiff] answered the telephone. Bank of America called [plaintiff's roommate], and it is [plaintiff's roommate] who could grant permission for Bank of America to place that call to her, or pursue her statutory damages. Bank of America did not call [plaintiff]; therefore, Bank of America was not required to seek [plaintiff's] permission to place the call.
>
> Nor was Bank of America required to determine that [plaintiff's roommate] was the residential telephone subscriber. If Bank of America had the prior express consent of [plaintiff's roommate] to place the call to her residence, it would be free to call [plaintiff's roommate] regardless of whether [plaintiff's roommate] was the residential telephone subscriber. *To find otherwise would mean that when a business calls a person with a prerecorded message, that business could be liable to any individual who answers the phone despite the fact that the business*

> *only intended to call one person.*
>
> [Plaintiff] was not the called party and lacks standing to seek statutory damages from Bank of America under the TCPA. Therefore, the Amended Complaint must be dismissed . . . .

*Id.* at *5-6 (citations omitted) (emphasis added).

> The *Leyse* court also noted:
>
> If any person who . . . answers the telephone call has standing to sue, then businesses will never be certain when . . . placing a call with a prerecorded message would be a violation of the TCPA. Under the statute, a business is permitted to . . . call with a prerecorded message to persons who have given prior express consent or with whom the business has an existing business relationship. When a business places such a call . . ., it does not know whether the intended recipient or a roommate or employee will answer the phone . . . . *If the business is liable to whomever happens to answer the phone . . ., a business could face liability even when it intends in good faith to comply with the provisions of the TCPA.*

*Id.* at *4 (citation omitted) (emphasis added).

In *Cellco*, the court analyzed who has statutory standing to assert a TCPA *cell phone claim*. *See Cellco*, 2010 WL 3946713 at *9. The court applied the same logic and analysis used in *Leyse* and ruled:

> [E]xamination of the statutory scheme reveals that the TCPA cannot be construed as broadly as Plaintiffs suggest. By its terms, § 227(b)(1)(A)(iii) provides an exception for calls made for emergency purposes or made with the prior express consent of the called party. Accordingly, *the only logical reading of § 227(b)(1)(A)(iii) is one that would require the party asserting the claim to be the party to whom the call is directed.* Any other reading, would render the exception for calls "made with the prior express consent of the called party" a nullity.

*Id.* (emphasis added).

> The *Cellco* court further explained:
>
> The statutory scheme simply cannot support an interpretation that would permit any "person or entity" to bring the claim for a violation, regardless of whether that person or entity was the called party (*i.e.*, the intended recipient of the call). Under such an interpretation, the exception contemplated by Congress in § 227(b)(1)(A) for calls made with "the prior express consent of the called party"

would be rendered meaningless. Accordingly, this Court finds that under the statute's plain meaning, *it is the intended recipient of the call that has standing to bring an action for a violation of § 227(b)(1)(A)(iii).*

*Id.* at *10 (emphasis added).

Several other courts, including the Eleventh Circuit, have likewise indicated that only the called party or intended recipient of the call has statutory standing to assert a TCPA landline or cell phone claim and there cannot be a violation simply because an unintended person answers the call. *See*, *e.g.*, *Meadows v. Franklin Collection Service, Inc.*, 2010 WL 2605048, *6 (N.D. Ala. 2010) ("[I]t is clear that [defendant], in calling [plaintiff's] number, was attempting to contact a debtor using the number provided by that debtor. While [plaintiff] may have answered the phone, she was not the intended recipient of the call. [Defendant's] actions violated neither the spirit nor the letter of the TCPA."), *aff'd in relevant part*, 2011 WL 479997, *4 (11th Cir. 2011) (observing if the court accepted plaintiff's argument "a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number and another member of the debtor's family answered."); *Cubbage v. Talbots, Inc.*, 2010 WL 2710628, *3 (W.D. Wash. 2010) ("[Defendant] had the 'consent of the called party,' Mitchell, to place prerecorded messages to her telephone number. The fact that her husband answered the call does not alter the legal authority to place the call.").

In *Balbarin v. North Star*, 2011 WL 211013, *1 (N.D. Ill. 2011), Judge Bucklo recently acknowledged and applied *Leyse* and *Cellco*. The Court noted "the court in *Leyse* held that an 'unintended and incidental recipient of the call' lacked standing under the TCPA." *Id.* Applying *Leyse*, this Court ruled "plaintiff claims to have received a call *intended for her*, so the *Leyse* scenario does not obtain here." *Id.* (emphasis added).

Judge Bucklo also observed in *Balbarin* that the *Cellco* court "reasoned that the relevant

7

language of the TCPA 'would require the party asserting the claim to be the party to whom the call is directed.'" *Id.* Applying *Cellco*, Judge Bucklo ruled "Defendant does not dispute that the call plaintiff claims to have received was directed to her," so "*Cellco* supports, rather than undermines, my decision." *Id.*

*Leyse*, *Cellco*, and *Balbarin* require dismissal of plaintiff's TCPA claim. It is undisputed that plaintiff was *not* the "called party." Plaintiff admits MRS called the 9181 number to reach his mother, Julie Schultz. *See* Docket No. 1, at ¶ 7. Plaintiff, therefore, does *not* have statutory standing to assert the TCPA claim. Only Julie Schultz has standing to assert a TCPA claim for the alleged calls. But Ms. Schultz has already settled her claims with MRS!

On March 11, 2010, Ms. Schultz filed an FDCPA class action against MRS in this Court, captioned as *Julie Schultz v. MRS Associates, Inc.*, Case No. 1:10-cv-01621 (N.D. Ill). Ms. Schultz was represented by opposing counsel in this case.

On June 25, 2010, Ms. Schultz settled any and all claims she had against MRS by entering into a Release and Settlement Agreement. *See* J. Schultz Release and Settlement Agreement. Pursuant to the settlement, Ms. Schultz released MRS from any claim she "ever had, or now has, against MRS by reason of any matter, cause or thing whatsoever occurring from the beginning of the world to the date of this Release, regarding any of the allegations made or that could have been made in the Lawsuit, including, but not limited to, the debt collection activities of MRS[.]" *Id.* at p. 2, ¶ 3. *Most notably*, Ms. Schultz also represented and warranted "that she has not transferred, assigned or otherwise sold any portion of the claims or causes of action that she is alleging in this Lawsuit, or which are related in any way to the Account or the collection attempts related to the Account, and that she is the sole holder of such claims and causes of actions." *Id.* at pp. 2-3, ¶ 6. The settlement agreement requires Ms. Schultz "to

8

indemnify and hold MRS harmless if [she] is found to have pursued any Released Claim against any Released Party." *Id.* at p. 2. ¶ 4.

Considering plaintiff does *not* have statutory standing to assert the TCPA claim, and Ms. Schultz settled all claims she had against MRS, the Court should dismiss plaintiff's TCPA claim with prejudice and at plaintiff's cost.

## IV. CONCLUSION

Considering the foregoing, the Court should grant MRS' Motion for Partial Summary Judgment and dismiss plaintiff's TCPA claim with prejudice and at plaintiff's cost.

Respectfully submitted,

/s/ James K. Schultz
Attorney for MRS Associates, Inc.,
n/k/a MRS BPO LLC

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street, Suite 1120
Chicago, IL 60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for MRS Associates, Inc.,
n/k/a MRS BPO LLC

9

**CERTIFICATE OF SERVICE**

I certify that on this 3rd day of March 2011 a copy of the foregoing **Memorandum in Support of Motion for Partial Summary Judgment** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel, as described below. Parties may access this filing through the Court's system.

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> Telephone: 312-729-5288
> Facsimile: 312-729-5289
> aburke@burkelawllc.com

/s/ James K. Schultz
Attorney for MRS Associates, Inc.,
n/k/a MRS BPO LLC

\\sfnfs02\prolawdocs\9441\9441-27232\Mack, David & Christopher\362854.doc