IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MACK, and | ) | |
| CHRISTOPHER MACK, on behalf of | ) | 1:10-cv-4244 |
| themselves and others similarly situated, | ) | |
|     Plaintiffs, | ) | Judge Hibbler |
| | ) | Magistrate Judge Keys |
|     v. | ) | |
| | ) | |
| MRS ASSOCIATES, INC., | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

## AMENDED COMPLAINT

## CLASS ACTION

1. Plaintiffs David and Christopher Mack ("plaintiffs"), bring this action to secure redress for unlawful debt collection practice engaged in by defendant MRS Associates, Inc. ("MRS") in violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 et seq. and the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

2. In its attempts to collect an alleged debt from plaintiff's mother, Julie (Schultz) Mack and Christopher Mack, MRS repeatedly called both David and Christopher Mack on their cell phones using an automatic telephone dialing system and/or prerecorded or artificial voice message.

3. Although the TCPA has a "prior express consent" affirmative defense, defendant are not entitled to this defense because MRS' records indicate that the plaintiffs' phone numbers were obtained through call capture, which does not implicate consent. Further, defendant persisted in calling plaintiffs even though it knew it did not have consent to do so.

1

4. Plaintiffs seek statutory damages for themselves and the class, and to enjoin MRS from similar violations in the future.

**JURISDICTION**

5. This Court has jurisdiction under 28 U.S.C. §§ 1331 (federal question), because this action arises under the laws of the United States, 47 U.S.C. §227 and 15 U.S.C. §1692k (FDCPA).

6. Venue is appropriate because a substantial portion of the events that gave rise to this cause of action occurred here.

**PARTIES**

7. Plaintiffs are individuals who reside in this District. Christopher and David Mack are brothers.

8. MRS is a debt collection agency that has its headquarters in Cherry Hill, New Jersey.

**FACTS**

9. Christopher Mack's cellular telephone is 773-xxx-8862 ("8862"). David's cellular telephone is 773-xxx-9181 ("9181").

10. MRS called both the 8862 and 9181 telephone numbers in attempts to collect an alleged Capital One debt owed by their mother, Julie Mack/Schultz.

11. MRS has no competent evidence that it had either plaintiff's consent to receive calls on either number.

12. MRS also called both the 8862 and 9181 telephone numbers in attempts to collect alleged Capital One debts owed by Christopher Mack.

13. MRS may have called these numbers with respect to other debts, too.

14. Both David and Christopher's outgoing voice mail greeting notified all callers that the caller had reached the particular person's phone. MRS heard, and even recorded, these messages, but continued to call plaintiffs to collect debts with which that plaintiffs had nothing to do.

15. For example, in one call to Christopher's 8862 number, the recording produced by MRS in discovery states the following:

> [Outgoing Voice Mail Greeting] Your call has been forwarded to an automatic voice message system -- Chris Mack – is not available. At the tone, please record your message. When you have finished recording, you may hang up, or press 1 for more options.
>
> [beep]
>
> [MRS Message] Message is for Julie Mack. Julie, this is David Vonage. I've got a very important personal business matter of yours here in my office that requires your immediate attention. You need to return this call today using file number 14487630 I do expect a call back from you at number is 888-274-9847.

16. MRS used its dialer to call the 8862 number after this interaction, in spite of the fact that it had actual knowledge that the 8862 number was Christopher's phone, rather than Julie's.

17. In another voice mail, this time to the 9181 number, MRS' recording goes like this:

> [Outgoing Voice Mail Greeting] … system – David Mack – is not available. At the tone, please record your message. When you have finished recording, you may hang up, or press 1 for more options.
>
> [beep]

3

[MRS Message]  Julie Mack, this is Mr. Smith.  I need you to call me back immediately 888-274-9847. There is a bit of a problem [unintelligible] here in my office, give us a call back 888-274-9847.

18. MRS used its dialer to call the 9181 number after this interaction, in spite of the fact that it had actual knowledge that the 9181 number was David's phone, rather than Julie's.

19. Indeed, MRS never had any good reason to believe that it had consent to call either number at all.

20. The Federal Communication Commission ("FCC") has indicated that

21. "ANI" means Automatic Number Identification.  It is a service that provides the telephone number of an incoming call to the call's recipient.

22. All records available to MRS for the Julie Schultz account indicate that both the 8862 and 9181 were obtained through "ANI".

23. All records available to MRS for the Christopher Mack accounts indicate both the 8862 and 9181 were obtained through "ANI".

24. Calling a debt collector or creditor from a particular telephone so that it may "capture" the phone number through call capture, or "ANI" does not constitute "prior express consent" for purposes of the TCPA. *In re Rules and Regulations Implementing the Telephone Consumer Protection Act*, GC Docket 02-278, available at 2008 WL 65485 (Jan. 4, 2008) at fn 34.

25. MRS called the 8862 number more than two hundred twenty times using its automatic telephone dialing system.  MRS called the 9181 number more than thirty times using such equipment.

26. MRS or its creditor clients have obtained the cellular phone numbers of other persons through ANI, too.  Upon information and belief, MRS called more than 1,000 such

4

cellular phone numbers obtained through ANI with Illinois area codes between and including July 8, 2009 and July 8, 2010, where the debtor did not also provide the number to MRS or its creditor client.

27. Christopher Mack filed a Chapter 7 bankruptcy on January 18, 2010. Christopher Mack does not bring this suit for any claims that accrued before he filed his bankruptcy petition. This lawsuit only pertains to claims that accrued after Christopher filed his bankruptcy petition. See *In re Hellums*, 772 F.2d 379 (7th Cir. 1985) ("Post-petition wages are not property of the estate of a Chapter 7 bankrupt."); *In re Bobroff*, 766 F.2d 797 3rd Cir. 1985) ("With exceptions not relevant here, in a straight bankruptcy liquidation case the only property interests of a debtor that become part of the estate are those existing 'as of the commencement of the case.'"); 11 U.S.C. §541.

28. If the Court finds that Christopher owns the TCPA claims for calls to the 9181 number, then Christopher brings such claims as an alternative to David.

## COUNT I - TCPA- CLASS CLAIM

29. Plaintiff incorporates all previous paragraphs.

30. It is a violation of the TCPA, 47 U.S.C. §227(b) to call a person's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice message. MRS violated the TCPA as to each plaintiff, and the class.

31. Plaintiffs and the class are entitled to have their rights, status and legal relations under the TCPA relating to defendant's calling of cell phones using an automatic dialing system and/or artificial or prerecorded voice message.

5

32. The defendant's calls were negligent, or alternatively, they were willful pursuant to 47 U.S.C. §312(f)(1).

## Class Allegations

33. Plaintiff brings Count I on behalf of a class pursuant to both Fed.R.Civ.P. 23(b)(2) and 23(b)(3), which consists of:

> All persons located in Illinois who defendant or some person on its behalf called on their cell phone using an automatic telephone dialing system and/or prerecorded or artificial voice message, where MRS' records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing, or "trapped" captured by telephone equipment from where any call was made at any time between and including July 8, 2006, and July 8, 2010.
>
> Plaintiffs allege a subclass consisting of persons to whom calls include a voice mail greeting for some person other than the person whose alleged debt MRS was calling.

34. Common questions of law and fact exist as to all members of the class and predominate over any questions solely affecting any individual member of the class, including plaintiff. Such questions common to the Class include, but are not limited to:

   a. Whether defendant used an automatic telephone dialing system or prerecorded or artificial voice message as those terms are defined in the TCPA and applicable FCC regulations and orders; and

   b. Damages.

35. Numerosity is met. MRS attempted to make more than 2 million calls during the class period to Illinois phone numbers using its dialers. Upon information and belief, based upon a rough extrapolation, those calls were made to more than 50,000 separate cell phone numbers.

6

36. Upon information and belief, based upon similar extrapolation and discovery received, more than 5,000 of the Illinois cell phone numbers MRS called during the class period were obtained by MRS through ANI, or through skip tracing, which were not otherwise provided to MRS or the creditor by the recipient of the call.

37. Plaintiffs will fairly and adequately protect the interests of the class. Plaintiffs have no interests that might conflict with the interests of the class. Plaintiffs are interested in pursuing their claims vigorously, and has retained counsel competent and experienced in class and complex litigation.

38. Class action treatment is superior to the alternatives for the fair and efficient adjudication of the controversy alleged herein. Such treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would entail.

39. No difficulties are likely to be encountered in the management of this class action that would preclude its maintenance as a class action, and no superior alternative exists for the fair and efficient adjudication of this controversy.

40. Defendant has acted on grounds generally applicable to the class, thereby making relief appropriate with respect to the class as a whole. Prosecution of separate actions by individual members of the class, should they realize their rights have been violated, would likely create the risk of inconsistent or varying adjudications with respect to individual members of the class that would establish incompatible standards of conduct.

41. The identity of the class is likely readily identifiable from defendant records and/or the records of its clients.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides the following relief:

    a. Statutory damages of $500 per violation, and up to $1,500 per violation if proven to be willful;

    b. A permanent injunction prohibiting defendant from violating the TCPA in the future through calling cellular phones using an automatic telephone dialing system and/or a prerecorded voice message;

    c. A declaration that the defendant violated the TCPA as to each plaintiff, and as to the class, and

    d. Any other relief the Court finds just and proper.

### COUNT II - FDCPA - INDIVIDUAL

43. Plaintiff incorporates all previous allegations.

44. It is unfair, unconscionable for a debt collector to use Predictive Dialer campaigns in the manner described above.

45. 10. 15 U.S.C. § 1692d(5) prohibits a debt collector from engaging in activities that, within in the common course, lead to annoy or harass:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

8

****

(5) Causing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.

46. Repeatedly calling a cell phone number known to be that of someone other than the debtor violates section 1691d.

47. Further, 15 U.S.C. §1692f prohibits debt collectors from using unconscionable practices in attempts to collect debt:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

48. It is unfair and unconscionable with respect to the non-debtor plaintiffs, to repeatedly call them on their cell phones using an autodialer and/or prerecorded message, in efforts to collect a debt from someone else.

49. The calls to David's phone to collect a debt from Chris were impermissible pursuant to 15 U.S.C. §1692c.

50. It is further a violation of the FDCPA for a debt collection agency to repeatedly call a phone number it knows or should know belongs to someone else. It is also a FDCPA violation to violate the TCPA, because such calls amount to representations that the collection agency is permitted to take actions that it cannot legally take.

51. Plaintiffs have been damaged by the defendant's illegal activities.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of themselves and the class and against defendant that provides the following relief:

    a. Statutory and actual damages;

    b. A declaration that the defendant violated the FDCPA as to each plaintiff,

      c.      Attorney's fees and costs of suit; and

      d.      Any other relief the Court finds just and proper.

Respectfully submitted,

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**JURY DEMAND**

Plaintiffs demand trial by jury.

/s/Alexander H. Burke

Alexander H. Burke
**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com

**DOCUMENT PRESERVATION DEMAND**

Plaintiff hereby demands that the defendant take affirmative steps to preserve all recordings, data, emails, documents and all other tangible things that relate to the allegations herein, plaintiff or the putative class members, or the making of telephone calls, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff or the putative class members, and any account or number or symbol relating to any of them. These materials are very likely relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials, and notify the undersigned of the circumstances immediately so that

counsel may take appropriate action. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

/s/Alexander H. Burke