**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID MACK, on behalf of himself and others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Judge William J. Hibbler |
| v. | ) ) | Case No.: 1:10-cv-04244 |
| MRS ASSOCIATES, INC., | ) ) | Magistrate Judge Keys |
| Defendant. | ) ) | |

**DEFENDANT'S MOTION TO STAY CLASS DISCOVERY**

NOW COMES defendant MRS Associates, Inc., n/k/a MRS BPO LLC ("MRS"), through counsel and pursuant to Fed. R. Civ. P. 26(c), moves this Court to stay further ***class*** discovery in this case, until the Court rules on MRS' pending Motion for Partial Summary Judgment. Specifically, MRS moves this Court to stay Magistrate Keys' February 25, 2011 order on plaintiff's Motion to Compel and on any other efforts by plaintiff to require MRS to respond to the outstanding class discovery.   In support thereof, MRS states as follows:

**I.     Introduction**

Plaintiff David Mack alleges MRS violated the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, by calling him on a cellular telephone in an effort to collect a debt owed by his mother.  Plaintiff has admitted that he is not the subscriber for this phone, and that the calls he received from MRS were not intended for him.  Despite these fatal admissions, plaintiff purports to prosecute this case as a class on behalf of all people in Illinois that were called on *their* cell phone by MRS.

Though not dispositive to the instant motion, MRS highlights that plaintiff's claims are without merit for 2 general reasons.  First, as shown in MRS' summary judgment motion,

plaintiff himself lacks standing to assert a TCPA claim. Second, plaintiff's class claims cannot be certified because (1) of the individualized liability issues relating to consent and (2) plaintiff is not an adequate class representative because he is not similarly situated to those he seeks to represent. Quite simply, if plaintiff's TCPA claim is certified, there will need to be "mini trials" as to consent. Further, the putative class members, unlike plaintiff, were called on *their* cell phone. A stay of further class discovery is appropriate here to avoid unnecessary and burdensome discovery in light of the fact that plaintiff cannot show he has standing, or that this case is appropriate for class certification. This Court should stay any further class-wide discovery for the following 3 reasons:

**First**, staying additional class discovery will allow for a more orderly and efficient use of the Court's resources and the focus of the parties. There is currently many moving parts to this litigation, including a motion for reassignment filed by Kimberly Hovanec [doc. 18]; 2 motions to compel [doc. 16 and doc. 29]; MRS' objection of an order from Judge Keys on plaintiff's motion to compel [filed contemporaneous to this motion]; a motion for class certification [doc. 31]; and MRS' motion for summary judgment [doc. 44]. The scope of any remaining claims is likely to be different from the current posture of the case after these motions are decided. Allowing a brief stay while the pending motions are resolved will increase the efficient use of the attention and resources of the Court and the parties. Most importantly, if MRS' summary judgment motion is successful, the class case is over and the class discovery would not be necessary.[1]

**Second**, it is fundamentally unfair that MRS is required to incur the burden, expense, and disruption to its business that further response to class based discovery requires. Context is

---

[1] MRS has filed a *partial* motion for summary judgment. MRS has not moved for summary judgment on plaintiff's individual claim under the Fair Debt Collection Practices Act.

necessary. After an earlier settlement with David Mack's mother, Julie, and the dismissal of Christopher Mack from this case, the current plaintiff represents the Mack family's third bite of the MRS apple. MRS has already provided plaintiff with responses to some class based discovery. It is appropriate that plaintiff's discovery be limited now until such time that David Mack can show he has a viable claim.

**Third**, there is no serious prejudice to plaintiff or the putative class to allow for a more orderly, and fair, approach to discovery. Regardless of whether class discovery proceeds, plaintiff is going to need to survive the pending summary judgment motion. A pause in further discovery until that motion is resolved does not affect either the merit or value of the claims of plaintiff, or the putative class.

## II.    Standard of Review

Federal Rule of Civil Procedure 23(c)(1)(A) was recently revised to require the filing of a class certification motion "at an early practicable time." The Advisory Committee notes indicate that this change was made in recognition "[t]hat 'as soon as practicable' exaction neither reflects prevailing practice nor captures the many valid reasons that may justify deferring the initial certification decision." *Fed.R.Civ.P. 23 Advisory Committee Notes*. One such "valid reason" specifically enumerated is that "[t]he party opposing class certification may prefer to win dismissal or summary judgment as to the individual plaintiffs without certification and without binding the class that might have been certified." *Id.*

Pursuant to Fed. R. Civ. P. 26(c), the Court is given the discretion to limit discovery to avoid "oppression or undue burden or expense." *Thompson v. Retirement Plan for Employees of S.C. Johnson & Sons, Inc.*, 2008 WL 4964714, * 10 (E.D. Wis. 2008). Rule 26(d) also allows the Court to order the sequence of discovery for the convenience of the parties. *Id.* Therefore,

upon a showing of good cause and reasonableness, a court may stay discovery pending a ruling on a dispositive motion. A stay is appropriate if "resolution of the motion will dispose of the entire case." *McCabe v. Foley, II*, 233 F.R.D. 683, 687 (M.D. Fla. 2006). Further, a court may properly address the merits of plaintiff's claims before ruling on class certification. *White v. Coca-Cola, Co.*, 542 F.3d 848, 854 (11th Cir. 2008) ("The resolution of the merits of this controversy obviates any issue about [class certification].") "With no meritorious claims, certification of those claims as a class action is moot." *Telfair v. First Union Mortg. Corp.*, 216 F.3d 1333, 1343 (11th Cir. 2000).

Based on these principals, the Seventh Circuit has recognized on numerous occasions that a court may address the dispositive motion before addressing the certification issue. In *Cowen v. Bank United of Texas, FSB*, 70 F.3d 937 (7th Cir. 1995), the Seventh Circuit stated:

> The bank elected to move for summary judgment before the district judge decided whether to certify the suit as a class action. This is a recognized tactic and does not seem to us improper. It is true that Rule 23(c)(1) of the civil rules requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But "usually" is not "always," and "practicable" allows for wiggle room. Class actions are expensive to defend. One way to try to knock one off at low cost is to seek summary judgment before the suit is certified as a class action. A decision that the claim of the named plaintiffs lacks merit ordinarily, though not invariably, . . . disqualifies the named plaintiffs as proper class representatives. The effect is to moot the question whether to certify the suit as a class action . . . .

*Id.* at 941 (citations omitted); *see also Chavez v. Illinois State Police*, 251 F.3d 612, 629-30 (7th Cir. 2001).

In this case, though plaintiff has filed a motion for class certification on 2 occasions [doc. 4 and doc. 31], there is no pending class certification motion. Conversely, a dispositive motion is pending. It is just and equitable that this motion be resolved prior to allowing plaintiff further free reign in class discovery that is necessary neither to oppose the pending summary judgment motion, nor to prepare a class certification motion.

4

### III.     A Stay of Class Discovery Is Appropriate

A stay of class discovery pending resolution of the summary judgment motion is a generally recognized method for dealing with class issues and is appropriate here because there is substantial doubt about the viability of plaintiff's claims and because the expense and burden of the discovery will be rendered meaningless if the summary judgment motion is successful. The tension between expansive class wide discovery and the need to control the costs of that discovery was explained in *Tillman v. Indiana Energy Savings Corp.*, 2010 WL 1729591, * 4 (N.D. Ill. 2010), where the Court stated:

> "Class actions serve an important function ... [but][t]hey present ... opportunities for abuse as well as problems for courts and counsel in the management of cases." *Gulf Oil Co.,* 452 U.S. at 99-100. As a result, the "court has both the duty and the broad authority to exercise control over a class action and to enter appropriate orders governing the conduct of counsel and parties." *Id.* at 100. Similarly, the Supreme Court has cautioned more generally that the requirement of Rule 26(b)(1) that the material sought in discovery be "relevant" should be firmly applied, and the district courts should not neglect their power to restrict discovery where "justice requires [protection for] a party or person from annoyance, embarrassment, oppression, or undue burden or expense.... Rule 26(c). With this authority at hand, judges should not hesitate to exercise appropriate control over the discovery process." *Herbert v. Lando,* 441 U.S. 153, 177 (1979). Failure to exercise that control results in enormous costs to the litigants and to the due administration of justice. *Cf. Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007); Frank Easterbrook, *Discovery as Abuse,* 69 B.U.L.Rev.635 (1989).

### A.     Judicial Economy Favors Entering A Stay

The Seventh Circuit has recognized the propriety of ruling on a motion for summary judgment prior to engaging in class discovery. *See, e.g., Cowen,* 70 F.3d. at 941 (finding that Rule 23(c) "requires certification as soon as practicable, which will usually be before the case is ripe for summary judgment. But 'usually' is not 'always,' and 'practicable' allows for wiggle room.").

The district courts in this Circuit have followed the lead of the Seventh Circuit. *See Allen*

*v. Aronson Furniture Co.*, 971 F.Supp. 1259, 1261 (N.D. Ill. 1997) ("As explained below, we believe the plaintiffs claims are without merit, and we therefore choose to issue a ruling on the merits before considering the motion for class certification"); *Muro v. Target Corp.*, 2005 WL 1705828, at *4 (N.D. Ill. 2005) ("In light of the likelihood that consideration of these motions will have a dispositive effect on Plaintiff's motion for class certification, the court will also consider these motions prior to addressing the class certification issue."); *Hill v. Amoco Oil Co.*, 2001 WL 293628, at *3 n. 3 (N.D. Ill. 2001) ("Here, the court finds that it is in the interest of judicial economy to resolve the motion for summary judgment before facing the question of class certification. Because the motion for summary judgment is denied without prejudice, it makes little difference whether a class is certified before or after the summary judgment motion is resolved."); *Smith v. Short Term Loans*, 2001 WL 127303, at *4 (N.D. Ill. 2001) ("The Seventh Circuit has recognized that, in some circumstances, decisions on dispositive motions may be made prior to the certification issue to determine whether 'the claim of the named plaintiffs lacks merit.'")

This procedure was followed in *Talley v. NCO Financial Systems, Inc.*, where the Court in the Northern District of Indiana granted defendant's motion to stay, allowing defendant to file its dispositive motion before addressing the class certification issue. The court ruled:

> [C]onsidering the advisory committee notes to the 2003 Amendments to Rule 23, and noting that the Defendant's Motion for Summary Judgment will be fully briefed shortly, the Court finds that, in this case, it is in the interests of judicial economy and efficiency for the Court to rule on the motion for summary judgment prior to the motion for class certification in order to determine whether the claim of the named Plaintiff lacks merit and thus whether the motion for class certification is moot.

*Talley*, 2006 WL 2927596, *2.

Courts across the country are in accord. *See Floyd v. Bowen*, 833 F.2d 529, 534-35 (5th Cir. 1987) ("[T]he class action litigation may be halted by a Rule 12 motion to dismiss or by a Rule 56 motion for summary judgment. This is the rule in several other circuits as well. We therefore conclude that the district court did not abuse its discretion in failing to rule on the class certification issue because it ruled for the Secretary on the merits of its summary judgment motion.") (citations omitted); *Ingram Corp. v. J. Ray McDermott & Co.*, 698 F.2d 1295, 1304 n.13 (5th Cir. 1983) (district court's decision to stay the case and prevent unnecessary discovery was not fundamentally unfair because case could well be decided on the parties' motions without additional discovery); *Scroggins v. Air Cargo, Inc.*, 534 F.2d 1124, 1133 (5th Cir. 1976) ("no possible abuse of discretion in the order staying general discovery until the court could determine whether the case would be resolved at the summary judgment stage"); *Marx v. Centran Corp.*, 747 F.2d 1536, 1552 (6th Cir. 1984) ('To require notice to be sent to all potential plaintiffs in a class action when the underlying claim is without merit is to promote inefficiency for its own sake. In short, the class action allegations in Marx's complaint presented no impediment to the district court's grant of summary judgment."); *Thompson v. County of Medina*, 29 F.3d 238, 241 (6th Cir. 1994) ("neither plaintiffs nor the members of the class were prejudiced by the order of the court's rulings, the district court acted well within its discretion in concluding that it should decide the motion for summary judgment first."); *Aponte-Torres v. University of Puerto Rico*, 445 F.3d 50, 59 (1st Cir. 2006) ("[I]t is well within the district court's province. . .to stay further discovery pending the determination of a dispositive motion."); *In re Managed Care Litigation*, 2001 WL 664391, *3 (S.D.Fla. 2001) (finding "sufficient justification to stay discovery for a limited period of time while the Court rules on the [defendant's] motion to dismiss. . . ."); *Mallo v. Public Health Trust of Dade Co., Fla.*, 88 F.Supp.2d 1376 (S.D.Fla. 2000) (granting

defendant's motion to stay discovery and class certification pending disposition of defendant's motion to dismiss amended complaint); *Bill Buck Chevrolet v. GTE Florida, Inc.*, 54 F.Supp.2d 1127, 1136 (M.D. Fla. 1999) ("Postponing consideration of class certification is the proper course to follow where the named plaintiff's have failed to state a claim in themselves for the relief they seek.") (citations omitted); *Tortorella v. United States of America, et al.*, 2007 WL 1243939 (D. Mass. 2007) (court stayed class certification pending ruling on motion to dismiss); *Lawson v. Fleet Bank of Maine, et al.*, 807 F.Supp.136, 138 n.1 (D. Me. 1992) ("[T]he Court believes that its decision to defer action on the class certification motion and to stay discovery until after resolution of the dispositive motion was the more prudent use of judicial resources. That judgment has been borne out by the outcome here."); *Evans, et al. v. Taco Bell Corp*, 2005 WL 2333841, *4 (D. N.H. 2005) ("It is well-settled that, absent prejudice to the plaintiff, a court may decide a defendant's motion for summary judgment in a putative class action before taking up the issue of class certification.") (citations omitted); *Jackson v. Northern Telecom, Inc.*, 1990 WL 39311, *1 (E.D. Pa. 1990) (court granted defendants' motion to stay when defendants informed the court that they would file their motion to dismiss on or before a specific date); *Curtin v. United Airlines, Inc.*, 275 F.3d 88, 93 (D.C. Cir. 2001) ("In sum, in circumstances like these, where the merits of the plaintiffs' claims can be readily resolved on summary judgment, where the defendant seeks an early disposition of those claims, and where the plaintiffs are not prejudiced thereby, a district court does not abuse its discretion by resolving the merits before considering the question of class certification.").

The above authority makes clear that ruling on a dispositive motion prior to addressing class certification is appropriate when there is sufficient doubt about the likelihood of plaintiff succeeding on the merits, *see Allen*, 971 F.Supp. at 1261, where inefficiency would result, *see*

*Marx,* 747 F.2d at 1552, *or* where the plaintiff and the class are not going to be prejudiced. *See Thompson*, 29 F.3d at 241.

Here, there is certain doubt about the viability of plaintiff's standing to further prosecute this case. *See doc. 44.* Until the summary judgment motion is decided, it is a waste of this Court's resources to expend the time and attention resolving class discovery disputes that is not going to assist in the resolution of the potentially dispositive motion. Moreover, as explained in the motion for reassignment, in the event that *Hovanec* is reassigned with this case, plaintiff intends to file an amended complaint with a new class definition. *See doc. 28, p. 3.* It is also a waste of the parties' resources to deal with class discovery for a class that is still evolving. Class discovery should be stayed until this Court first concludes that plaintiff likely has a viable claim, and plaintiff has provided a final definition to his putative class.

**B.      Staying Discovery Is In The Interest of Justice**

The interests of justice also support a stay of further discovery. MRS has already answered plaintiff's Request for Admissions, Interrogatories and Request for Production. Plaintiff has already been provided with sufficient information to prepare and file 2 motions for class certification. Plaintiff has sufficient information and discovery to respond to MRS' summary judgment motion. Staying discovery until the pending summary judgment motion is resolved will further the interest of justice because it will allow for the parties to resolve a threshold issue to liability without having to incur the expense and burden, and the disruption to MRS' business, that would be necessary to complete any remaining class discovery. There is little, if anything, to be gained by pushing forward with class discovery at this time.

**C.      A Stay Will Not Prejudice Plaintiff or the Class**

Despite his likely protestations to the contrary, plaintiff will not be unfairly prejudiced by

staying further class discovery until the summary judgment motion is decided. Of course, a summary judgment motion is always potentially prejudicial to the party opposing that motion, but such prejudice is neither unexpected nor unfair. If the Court grants the summary judgment motion, plaintiff's claims fail and his TCPA case is over. Plaintiff has also already filed 2 motions for class certification, evidencing that plaintiff has sufficient information to proceed with class certification briefing in the event that he does survive the summary judgment motion.

Plaintiff's counsel has repeatedly requested a "class list" so that counsel can identify a replacement class representative if an individual settlement is reached between plaintiff and MRS. [*See doc. 20]* Such a concern is of no consequence to the instant motion. The fact that plaintiff's counsel will be prejudiced if his client is found not to have standing does not constitute unfair prejudice to the plaintiff nor the class. In fact, counsel should not be permitted to engage in class wide discovery to locate an adequate class representative when the original representative is demonstrably inadequate. This is an improper abuse of the discovery process, and should not be permitted by the Court.

Finally, there is no prejudice to the putative class in staying class discovery. There has been no class certified, so the putative class is not bound to any judgment entered against plaintiff. Since the pending summary judgment motion only attacks the standing of David Mack, and is not an adjudication on the merits, the class claims will not be affected by entry of summary judgment in MRS' favor. If anything, the interests of the putative class members are better served by adjudicating the summary judgment motion first, as this will demonstrate the possible validity of plaintiff's claims prior to the class becoming certified, and bound to those judgments.

A stay of this case pending this Court's ruling on MRS' motion for summary judgment

would save time and expense without unfairly prejudicing any party or class member. Therefore, MRS' motion to stay should be granted. Said another way, "in the interest of judicial economy, and with a view toward preventing possibly unnecessary and expensive discovery [and motion practice], this court [should] grant [MRS'] motion to stay," and enter an order staying discovery, class certification, and all pre-trial deadlines. *Jackson*, 1990 WL 39311 at *1.

WHEREFORE, MRS respectfully prays that this Honorable Court enter an Order staying further class discovery until MRS' motion for summary judgment is decided.

Respectfully submitted,


/s/ James K. Schultz
Attorney for MRS Associates, Inc.,
n/k/a MRS BPO LLC

David Israel
Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail:      disrael@sessions-law.biz
             bshartle@sessions-law.biz

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street
 Suite 1120
Chicago, Illinois 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail:      jschultz@sessions-law.biz

Attorneys for MRS Associates, Inc.,
n/k/a MRS BPO LLC

## CERTIFICATE OF SERVICE

I certify that on this 7th day of March, 2011 a copy of the foregoing **Defendant's Motion to Stay Class Discovery** was filed electronically in the ECF system.  Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including Plaintiff's counsel as described below.  Parties may access this filing through the Court's system.

Alexander H. Burke
BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 732
Chicago, IL 60601
ABurke@BurkeLawLLC.com

/s/ James K. Schultz
**Attorney for MRS Associates, Inc.,**
**n/k/a MRS BPO LLC**

\\sfnfs02\prolawdocs\9441\9441-27232\Mack, David & Christopher\367923.doc