IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MACK, on behalf of | ) | 1:10-cv-4244 |
| Himself and others similarly situated, | ) | |
|     Plaintiffs, | ) | Judge Hibbler |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| MRS ASSOCIATES, INC., | ) | JURY TRIAL DEMANDED |
|     Defendant. | ) | |

**PLAINTIFF'S RESPONSE TO MRS' MAGISTRATE OBJECTION**

Apparently recognizing that Judge Keys' order was correct on its merits, MRS' objection papers do not attack Judge Keys' reasoning. Instead, the objection argues that discovery is improper because, in defendant's view, no class should be certified in this case.

MRS is correct to concede the merits of the order: a party that asserts affirmative defenses cannot later refuse to provide information and documents concerning those defenses. This has been the opinion of every court to have considered the issue.

- ***Donnelly v. NCO Financial Systems, Inc.***, 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009)(Nolan, J.) Fed.R.Civ.P. 72 objections overruled *in toto,* without briefing, 2010 WL 308975 (N.D.Ill. Jan 13, 2010)(Guzman, J.);

- ***Fike v. The Bureaus, Inc.***, 1:09-cv-2558, transcript of proceedings (Nov. 11, 2009)(Keys, J.) Appendix 2;

- ***Balbarin v. North Star Capital Acquisition, LLC***, 1:10-cv-1846 (Nov. 9, 2010)(Cox, J.) Appendix 2, class certification granted, 2010 C 1846, 2011 U.S. Dist. LEXIS 686 (N.D. Ill. Jan. 5, 2011), leave to interlocutory appeal class certification and discovery ruling denied (7th Cir. March 10, 2011) Appendix 3;

- ***Martin v. CCH Inc.***, 10-cv- 3494 (N.D.Ill.) transcript of proceedings (Dec. 7, 2010), at 25 Appendix 4.

And even if this Court finds that the order was incorrect, Judge Keys was not so incorrect as to satisfy the extraordinarily high "clearly erroneous or contrary to law" standard for review.

1

For these reasons, and as explained herein, MRS' objection should be overruled in its entirety.

I.     **History of the Case and Parties**

This case was filed on July 8, 2010. Plaintiff issued the discovery that Judge Keys compelled on August 19, 2010. MRS responded on October 22, 2010.

The undersigned and counsel for MRS then engaged in detailed and protracted negotiations about the discovery requests that are the subject of this objection. Plaintiff's motion to compel was filed on January 11, 2011. [Docket item 16] Defendant responded on February 22, 2011. Judge Keys granted plaintiff's motion in its entirety from the bench on February 25, 2011. The transcript of those proceedings is attached as Appendix 1.

MRS hired new attorneys for this case when it realized it would lose the motion to compel. On March 3 and 7, MRS' new attorneys filed a flurry of motions, including the instant objection to Judge Keys' discovery order, a motion for summary judgment, a motion for leave to file supplemental materials in opposition to reassignment of the *Hovanec v. MRS* case to this Court, and a motion to stay class discovery.

There is nothing "new" about the information upon which the summary judgment motion and the motion to stay are based. That is to say, both of those motions could have been filed before MRS even answered the complaint. MRS' original October 27, 2010, discovery responses to one of the requests compelled here raised "standing" as an objection. See MRS Objection papers at Exhibit A, at interrogatories 7 and 13.

Nor are the discovery issues in this case "new" to any of the attorneys involved. Hinshaw and Culbertson, the original defense lawyers in this case, were the defense lawyers in *Fike v. The Bureaus, Inc.*, Appendix 2, where the debt collector defendant was compelled to

2

produce nearly identical discovery. Similarly, the newer law firm on the case, Sessions, Fishman, Nathan & Israel, orchestrated the defense in Donnelly v. NCO and lost a nearly identical motion to compel in Donnelly v. NCO Financial Systems, Inc., 263 F.R.D. 500 (N.D.Ill. Dec. 16, 2009). When the Sessions lawyers objected to the discovery order in Donnelly, Judge Guzman issued the following minute order before the parties appeared for presentation of the objection:

> NCO says Judge Nolan erroneously order it to comply with plaintiff's requests for certain class-wide discovery because a class has yet to be certified. The Court finds this argument no more persuasive now than it did months ago when it rejected NCO's request to stay class discovery.
>
> NCO also says class-wide discovery on its prior express consent defense, including plaintiff's requests for putative class members' credit applications, is inappropriate because it has not asserted that defense to the class claims. True, given that a class has not yet been certified. But NCO has asserted the defense to plaintiff's claims, has not disavowed it as to any class claims and has been ordered to proceed with class discovery. Thus, NCO's failure to raise a defense to inchoate claims is not a basis for denying plaintiff this discovery.
>
> ***
> NCO also argues that Judge Nolan's order improperly requires it to produce evidence it does not possess. Unless NCO never intended to, and will not, assert a consent defense to the putative class claims-an assertion it does not make-it should have marshaled the evidence in support of that defense long ago. If it has not done so, despite the Court's order to proceed with class discovery and the looming discovery deadline, there is nothing improper about requiring it to do so now.
>
> Judge Nolan's order that NCO produce the contracts with its creditor-clients is also not erroneous. Contrary to NCO's belief, plaintiff requested their production, see Pl.'s Mot. Compel, Ex. 1, Document Production Request No. 15, and they are relevant to this suit. Thus, the contracts must be produced.
>
> Finally, NCO says it cannot comply with Judge Nolan's order by the January 19 deadline she set. Because NCO has had nine months to prepare its production, depositions will be conducted shortly and discovery closes next month, the deadline set by Judge Nolan is entirely reasonably.

2010 WL 308975 (N.D.Ill. Jan 13, 2010). Now, just as in *Donnelly*, after eight months of litigation, and only after losing a substantial discovery motion, has MRS suddenly decided that the entire case should come to a halt and to urge dismissal, arguing that plaintiff's case never had any merit.

Discovery in this case closes on May 27, 2011.

**II.      Standard of Review**

The parties agree that Fed.R.Civ.P. 72(a) applies. See objection at 5. That rule states:

The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

See also *Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006); *Bobkoski v. Board of Educ. of Cary Consol. School Dist.*, 141 F.R.D. 88, 90 (N.D.Ill.1992).

This is an "extremely deferential" standard of review. *American Ins. Co. v. St. Jude Medical, Inc.*, 597 F.Supp.2d 973, 977 (D.Minn. 2009). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.*, 1988 WL 2788, at *1 (N.D.Ill. Jan. 8, 1988).

"[T]he district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co.*, Ltd., 126 F.3d 926, 943 (7th Cir. 1997). That standard of review is consistent with the view that the judge who issued the discovery order at issue is in the best position to determine whether the parties have complied with it. See *Melendez v. Illinois Bell Tel. Co.*, 79 F.3d 661, 670-71 (7th Cir. 1996).

4

### III. <u>Argument – MRS' Objection Should Be Overruled</u>.

#### A. MRS' Decision to File a "Standing" Motion Nine Months After Answering the Complaint Should not Delay this Case.

Judge Keys considered, and rejected, MRS' argument that standing be decided before the motion to compel. Not only does argument regarding "standing" appear on almost every page of MRS' motion to compel opposition brief, MRS raised the "standing" issue in October, 2010 objections to interrogatories 7 and 13.

Judge Keys was clear that he overruled all of MRS' objections, including those related to "standing," when he granted plaintiff's motion to compel in its entirety. See minute order, docket item 57 commemorating the bench ruling:

> On 2/25/2011, after considering Defendants Response to Plaintiffs Motion to Compel [#16] and having entertained extensive oral argument thereon, the Court rejected Defendant's arguments and granted the motion in its entirety…[1]

While plaintiff is adamant that MRS' "standing" summary judgment motion has no merit, Judge Keys decided that those issues should be briefed separately from this objection.

To be sure, a Court has discretion to stay discovery while merits determinations are made. However, Judge Keys decided that, in this case, MRS' standing objections did not warrant delay of these proceedings. And while it is true that a Court may and should consider whether it has subject matter jurisdiction over a case at any time, a defendant that waits nine months to file a "standing" motion (along with a motion to stay discovery) after losing a motion to compel should not be permitted to stop a class action in its tracks.

---

[1] The remainder of the minute order corrects a previous error in the docket.

### B. MRS, Not Plaintiff, Is Using Discovery to Gain an Unfair Advantage

MRS raised six affirmative defenses in the answer it filed on August 26, 2010. Docket Item 9. During the hearing on the motion to compel, both Judge Keys and defense counsel recognized that the affirmative defenses must have been raised with some Rule 11 factual basis to support them:

> COURT: But, on the other hand, we do have this -- you know, there is a Rule 11 issue here also that we have to be cognizant of. It is one of those things that you either put up or you shut up. If you can't prove it, you know, that is problematic for you.

Appendix 1, Transcript at 22.

A party cannot permissibly assert an affirmative defense, and then refuse to provide discovery regarding that defense. Indeed, the federal discovery rules recognize this: unless otherwise limited by court order, the scope of discovery is as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or **defense** -- including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. [Fed.R.Civ.P. 26(b)(1); Emphasis added.]

It is thus MRS' position that it can win the case based upon an affirmative defense that it does not have to tell plaintiff anything about.

Candidly, plaintiff believes that the affirmative defenses raised by MRS were made from whole cloth. Why else would MRS refuse to provide the factual basis for them?

Furthermore, throughout these proceedings, MRS has largely ignored the precise requests that plaintiff issued. Plaintiff carefully crafted his discovery requests so as to ease the burden of responding. Interrogatories 5, 6 and 7 build upon each other, and ask for:

> 5. Identify, state the number and state the time and date of all calls and date and time of notification for: All persons located in Illinois who defendant or some person on ts behalf called on their cell phone using a Predictive Dialer and/or Prerecorded Message,

6

where MRS' records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing, or "trapped" captured by telephone equipment) where any call was made at any time between and including July 8, 2006, and July 8, 2010.

6. Identify the source(s) from which you obtained each of the telephone numbers you called that are responsive to the previous interrogatory, along with the date the numbers were obtained.

7. If you contend that any person within the following parameters provided prior express consent to receive telephone calls from you using an automatic telephone dialing system, prerecorded voice message, artificial voice message, Predictive Dialer or Prerecorded message, please specifically identify all documents, data information or things that supports this contention.

> All persons located in Illinois who defendant or some person on its behalf called on their cell phone using a Predictive Dialer and/or Prerecorded Message, where MRS' records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing, or "trapped" captured by telephone equipment) where any call was made at any time between and including July 8, 2006, and July 8, 2010.

Request 5 first asks for a list of persons and cell phone numbers that MRS called, but who did not give their cell phone number to MRS or the original creditor. This objectively ascertainable list of persons and phone numbers is the class list. Request 6 then asks MRS to list the source from which MRS obtained the cell phone numbers it called. This request, too, asks for objectively ascertainable and reasonably accessible information. Request 7 is a contention interrogatory, which asks MRS to take the persons responsive to the previous two interrogatories, and explain any basis (e.g. documents, information, testimony) for MRS' contention that any of these persons provided consent to be called at the number MRS called.

Of course, because "prior express consent" depends upon a person providing their phone number to the creditor or the collection agency, *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010), plaintiff's original two interrogatories will have already "weeded out" any persons who truly consented to receive the calls. The response

to interrogatory 7 should be "nothing." The reason responding to these requests may be difficult for MRS is that *no information exists* to shows that anyone responsive to requests 5 or 6 provided prior express consent.

But even if MRS comes up with some novel approach to proving consent for persons who did not provide their numbers, Judge Keys held that plaintiff is entitled to know what this approach is, and upon what facts or testimony it is based:

> COURT: And I'll agree with you again that you are probably going to find some that consented. But the burden has been on you, you're the one that raised the affirmative defense of consent. And since you raised that issue, then the plaintiff has the right to get the records or the documents to show that who did consent and who didn't.

Appendix 1; transcript at 8. There is nothing erroneous or contrary to law about this holding, and the objection should be overruled in its entirety.

**CONCLUSION**

MRS should be compelled to provide information about its affirmative defenses. After all, because it bears the burden of proof on these issues, it must have had some Fed.R.Civ.P. 11 basis for asserting these defenses at the beginning of the case.

Nine months have passed, and no such information has been provided. And now MRS wants to delay the case even longer while the Court considers a flurry of motions that MRS should have filed in August 2010.

As Magistrate Judge Keys put it, the time has come for MRS to either "put up or shut up." The ruling was correct, and MRS' objection should be overruled in its entirety.

Respectfully submitted,

/s/Alexander H. Burke

8

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com