**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| DAVID MACK, on behalf of | ) | 1:10-cv-4244 |
| Himself and others similarly situated, | ) | |
| Plaintiffs, | ) | Judge Hibbler |
| v. | ) | Magistrate Judge Keys |
| | ) | |
| MRS ASSOCIATES, INC., | ) | JURY TRIAL DEMANDED |
| Defendant. | ) | |

**PLAINTIFF'S MOTION TO QUASH SUBPOENA, FOR A PROTECTIVE ORDER**
**AND FOR RULE TO SHOW CAUSE**

Plaintiff David Mack respectfully requests that this Court (1) quash the subpoena issued to plaintiff Christopher Mack's employer because the information sought is available through plaintiff (and defendant has not even bothered to ask plaintiff for the information), (2) issue a protective order prohibiting MRS from taking third party discovery on issues that are readily discoverable through first-party discovery, and (3) order MRS to show cause why it has not produced materials it committed to producing in order to "moot" plaintiff's second motion to compel concerning information about the plaintiffs. In support of this motion, plaintiff states:

**I.      Introduction.**

Plaintiff files this motion because MRS has launched an improper campaign of discovery and other abusive practices designed to pressure plaintiffs into dropping or settling this case, and has at the same time reneged on its courtroom commitment to produce all materials concerning the plaintiffs.

**a.  MRS' Campaign to Intimidate Plaintiffs.**

Instead of focusing on moving forward with class discovery, since this Court denied its motion to stay and overruled its class discovery objections, MRS has begun a campaign to intimidate plaintiffs in order to win this case. First, MRS sent a letter demanding that the

plaintiffs' mother indemnify MRS for this lawsuit.  <u>Appendix 1</u>.  The position taken in the letter is unsupportable when one reads the contract's provisions concerning indemnity and attorney's fees, rather than counsel's selective quotations therefrom.  [1]The letter is therefore designed to pressure the plaintiffs into dropping or settling this lawsuit.  Indeed, what son would not be worried if a lawyer sent their mother a letter demanding that she pay attorney's fees and costs for their lawsuit.  The facts surrounding this position have been in defendant's position since before this case was filed.  Raised at this juncture in the lawsuit, when defendant has been put to its proof with respect to its affirmative defenses, demonstrates that the true purpose of the letter is to make plaintiffs believe that their continuing participation in pursuing their statutory rights will injure their family.

Second, on the evening of March 16, 2011, MRS issued a subpoena to plaintiff Christopher Mack's employer, demanding information concerning plaintiff's cellular telephone use while at work.  <u>Appendix 2</u>.  The request includes a demand that the employer search for "any and all records, documents, memos, policies, guidelines or similar material" regarding

---

[1]      Appendix 1 improperly demands that plaintiffs' mother pay MRS attorney's fees and costs, and indemnify it for her sons' lawsuit – this lawsuit.  The only claims that were released in the Julie Schultz settlement were the claims of Julie Schultz.  The claims that are now asserted by Ms. Schultz' children David and Christopher were <u>not</u> transferred to plaintiffs by Ms. Schultz; they were always and still are David and Christopher's claims.  Further, even if there had been a transfer, which there has <u>not</u>, MRS *might* be entitled to ask for fees and costs, but only as the prevailing party to an action to enforce the settlement, which has not happened.  ¶13.  And indemnity would only apply if Ms. Schultz were found to have actually pursued any released claim, which MRS does not claim happened.  ¶4.

Thus, the letter's current demand for indemnity, fees and costs is frivolous.  Plaintiff's counsel submits that Appendix 1 may cross the line between vigorous representation and intentional intimidation of a party's family member, designed to gain a tactical advantage in ongoing litigation.

cellular telephone use, and also asks the employer to search substantial electronically stored information for such documents and email.

While some of this information *may* be discoverable, defendant should be required to ask plaintiff about these issues before going to plaintiff's employer, so that the scope of the subpoena can be narrowed, or not issued at all. Defendant has not issued any discovery to plaintiffs. The purpose of the subpoena is obviously not to gain information, but again to place pressure on plaintiffs, in order to force them into submission for fear of their employer retaliating against them for having to hire counsel and possibly an Electronically Stored Information expert to help respond to the subpoena.

### b. MRS' Hypocritical Discovery Position at to Christopher Mack

In response to plaintiff's second motion to compel, MRS committed to produce all information about the plaintiffs pursuant to three interrogatories and two document requests, listed *supra*. The agreement was that once Christopher Mack was added back into the case (his claims were dropped without prejudice, but have been added back in, MRS would produce all responsive information and documents regarding Christopher Mack.

MRS has now taken the position that it does not have to provide this information until the Court rules on a motion to dismiss or for summary judgment that has not yet been filed, because Christopher Mack's claims are not yet "at issue." However, MRS is also taking the position that it is entitled to take discovery from Christopher, despite its stonewall of Christopher taking discovery from it. Not only this, as noted above, MRS has issued a subpoena to Christopher's employer, and issued a subpoena to US Cellular for phone records.

MRS cannot permissibly take the position that it is entitled to take discovery, but Christopher is not, particularly in light of its earlier commitment to this Court. Plaintiff requests

that this Court issue a rule to show cause why it has not provided this information to plaintiff, and order it to do so immediately.

## II.     Case Background

This is a Telephone Consumer Protection Act, 47 U.S.C. § 227(b), and FDCPA, 15 U.S.C. §1692 *et seq.* case, alleging that the defendant debt collection agency improperly called plaintiff and others on their cellular telephones using an automatic telephone dialing system, and using a prerecorded or artificial voice and otherwise abused use of telephones in attempts to collect debts. The TCPA proscribes calling anyone on their cellular telephones using such equipment unless the caller can show that it had the "prior express consent" of the called party to make such calls. *Sengenberger v. Credit Control Services, Inc.*, 2010 WL 1791270, at *6 (N.D.Ill. May 5, 2010).

On February 25, 2011, Magistrate Judge Keys issued an order requiring defendant MRS to provide all proof of "prior express consent" for the class by April 8, 2011. Around that time, MRS decided it was time to switch lawyers. Instead of issuing subpoenas to the creditors to try to prove their "prior express consent" defense, the new lawyers filed three motions in two business days, demanding that the Court stop the case from proceeding: an objection to Judge Keys' discovery order, a motion for summary judgment, a motion to stay and a motion to supplement opposition to a motion to relate a similar case. Before this, MRS had not filed a single motion other than for extension of time to answer.

On March 15, 2011, Judge Hibbler overruled the objections to the Magistrate Judge's order, denied the motion to stay and held that the summary judgment motion was moot. The Court indicated that the case, including all discovery, should continue moving forward.

Instead of issuing subpoenas to creditors in order to prove their "prior express consent" defense, MRS began an attack on plaintiffs. It sent the letter attached as <u>Appendix 1</u> to plaintiff's counsel demanding that the plaintiffs' mother, Julie Schultz "indemnify" MRS for her sons' lawsuit.

Next, MRS issued a broad subpoena to plaintiff Christopher Mack's employer asking for electronically stored information concerning Christopher and his cellular telephone use, as well as the employer's policies, practices and procedures concerning cellular telephones.

What is more, MRS has taken the position that it is entitled to take discovery from plaintiff, but that plaintiff is not entitled to take discovery from MRS.

The scorched earth defense tactics of the new defense counsel should not be tolerated. Counsel's behavior is inconsistent with the Local Rules of the Northern District of Illinois, and

III.    <u>Rule 37 Meet and Confer</u>

Plaintiff and defendant have conferred about all issues raised herein.

On the evening of March 16, 2011, within a few minutes of MRS issuing the subpoena attached as <u>Appendix 2</u>, plaintiff's counsel requested that MRS refrain from serving the subpoena while the parties meet and confer through an email to defense counsel Bryan Shartle. The parties exchanged numerous emails, which are attached as <u>Appendix 3</u>. Because MRS refused to withhold service of the subpoena, plaintiff's counsel believes this motion is appropriate and ripe.

Plaintiff's counsel approached defense counsel with regard to documents and information concerning Christopher Mack, raised in the second motion to compel and mooted through MRS' agreement to provide the materials, upon the addition of Christopher Mack back into the case. MRS then shifted its position, stating that Christopher Mack may not take any

discovery until some "dispositive motion" is decided. MRS has not changed this position, and plaintiff now moves for rule to show cause.

### IV.     Discovery Generally

"Mutual knowledge of all the relevant facts gathered by both parties is essential to proper litigation. To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). The Rules have broadened the scope of discovery to "any matter, not privileged, that is relevant to the claim or defense of any party.... Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).

"[T]he discovery-deposition provisions of the Federal Rules, were intended to insure 'proper litigation' by making the trial less a game of blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *Goldman v. Checker Taxi Co.*, 325 F.2d 853, 855 (7th Cir. 1963) (internal citations and quotations omitted). Furthermore, complete interrogatory responses may help the parties avoid unnecessary depositions and further cost to the parties. *In re Shopping Carts Antitrust Litigation*, 95 F.R.D. 299, 307-308 (S.D.N.Y. 1982).

"[T]he mere statement by a party that the interrogatory was "overly broad, burdensome, oppressive and irrelevant" is not adequate to voice a successful objection to an interrogatory. On the contrary, the party resisting discovery "must show specifically how ... each interrogatory is not relevant or how each question is overly broad, burdensome or oppressive." *Josephs v. Harris Corp.,* 677 F.2d 985, 992 (3d Cir. 1982).

Compelling production of materials sought promotes justice and quick resolution a matter. *Yancey v. Hooten*, 180 F.R.D. 203 (D.Conn. 1998) (compelling discovery in FDCPA case). *Lucas v. GC Services*, 226 F.R.D. 328 (N.D.Ind. 2004) (FDCPA 1692g action) (sister case lost merits on appeal) compelling all discovery requests as sanction. "The defendants do not get to determine unilaterally the scope and timing of discovery." *Lucas v. GC Servs. L.P.*, 226 F.R.D. 328, 331 (N.D. Ind. 2004).

An attorney is required to monitor discovery compliance and ensure that the client has both preserved potentially discoverable electronic materials, and that the client has performed a reasonable search. See Fed.R.Civ.P. 26(b)(2); *Zubulake v. UBS Warburg LLC*, 229 F.R.D. 422 (S.D.N.Y. 2004); *Qualcomm Inc. v. Broadcom Corp.*, 2008 WL 66932 (S.D.Cal. Jan 07, 2008), vacated in irrelevant part, 2008 WL 638108 (S.D.Cal. Mar 05, 2008). The result of this is likely waiver. *Ner-Tamid Congregation of North Town v. Krivoruchko*, 2009 WL 152587, 08 C 1261 (N.D.Ill. Jan. 22, 2009); *Mosley v. City of Chicago*, 252 F.R.D. 445 (N.D.Ill. 2008). The result of the failure to perform an adequate search is wavier.

Compelling the requests herein will promote swift resolution of this case. Fed.R.Civ.P. 1.

## V. <u>ARGUMENT</u>

### a. **The Court Should Quash the Subpoena Issued to Christopher Mack's Employer, and Enter a Protective Order Prohibiting Similar Fishing Expeditions.**

On March 16, 2011, before issuing any discovery requests to plaintiff, MRS issued the subpoena attached as <u>Appendix 2</u> to Christopher Mack's employer. Plaintiff's counsel immediately objected, and asked MRS to withhold service of the subpoena until the parties, or the Court, could resolve the propriety of the subpoena.

Counsel for MRS, refused, taking the position that he can issue whatever subpoenas he wants, if he has a hunch that a third party may know some fact favorable to his case. Plaintiff's position is that defendant is entitled to learn facts about the plaintiff and plaintiff's cellular telephone, but that defendant should try to obtain information from the plaintiff before bothering plaintiff's employer. In other words, plaintiff is not taking the position that MRS is not entitled to information in the general category of that which the subpoena requested, plaintiff is merely taking the position that MRS should try to obtain this information through

first-party discovery before bothering Christopher's boss and requiring compilation of burdensome ESI and other materials.

The Federal Rules support plaintiff's position. Fed.R.Civ.P. 45(c) is designed to protect the responding party to a subpoena:

(c) Protecting a Person Subject to a Subpoena.

(1) Avoiding Undue Burden or Expense; Sanctions.

> A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Plaintiff submits that reasonable steps in this case, and perhaps *any* case, necessarily include trying to obtain the information through first-party discovery before issuing subpoenas willy-nilly.

Defense counsel's justification for the subpoena during Rule 37 talks was:

> In his bankruptcy petition, Christopher Mack states that he is a "Field Associate" for "Regina Webster." Christopher claims that he has been employed with the company for over 4 years. We understand that "Regina Webster" is a civil engineering firm, which focuses on traffic engineering.

> We want to know whether Christopher's employer is paying for one or both of the cell phones. Due to the nature of his job, we believe that Christopher's employer may be reimbursing him. The subpoena is very narrow. We are entitled to this information, particularly considering that (a) Christopher seeks to be a class representative and (b) you allege David Mack has standing because he is allegedly paying Christopher for use of the 9181 number. Also, we think it strange that Christopher has two cell phones and receives two separate bills. We believe one of the phones is for work and the other is for personal use. We will not withdraw the subpoena.

Appendix 2, at March 16, 2011, 7:41 pm email from defense counsel Bryan Shartle to plaintiff's counsel Alex Burke. When Mr. Burke asked why MRS believed a subpoena was more appropriate than an interrogatory or deposition directed to plaintiff, Mr. Shartle stated that

MRS was not required to "accept [plaintiff's] representations as conclusive of the issue." Appendix 2, at March 16, 2011, 10:42 pm email from defense counsel Bryan Shartle to plaintiff's counsel Alex Burke.

Plaintiff's counsel finds it outrageous that defense counsel would make such a statement, which amounts to an accusation toward plaintiff of lying, before even asking the plaintiff anything at all. The fact that MRS has issued such a subpoena without first asking plaintiff, who likely has all of the information MRS seeks, and has refused to withhold service of the subpoena while this motion is decided, gives rise to an inference that the subpoena was issued for the sole purpose of harassing plaintiff, in violation of Fed.R.Civ.P. 26(g)(1)(B)(ii), which provides that discovery requests shall not be: "interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."

Fed.R.Civ.P. 26(c) and 26(d) give the Court broad discretion to issue protective orders directing the way discovery should happen, including sequence of discovery and what discovery to permit at all. Based upon the circumstances described herein, it is obvious that defendant's motives are to harass and place pressure on plaintiffs, rather than to obtain information through typical first-party discovery. The Court should admonish defendant, and prevent continued abuses of the discovery process by quashing the subpoena attached as Appendix B, only to be re-issued if defendant has inquired about these matters from plaintiff, and finds good cause to believe that plaintiff has been untruthful.

Plaintiff is not taking the position that all of the information requested in the subpoena is "off limits." However, the Court should quash the subpoena and issue a protective order requiring MRS to try to obtain information from plaintiffs themselves before issuing subpoenas

based upon Mr. Shartle's hunch that someone else is paying for his cell phone, and certainly before calling plaintiff a liar.

### b. The Court Should Issue a Rule to Show Cause As to Why MRS has not Provided Information Concerning Christopher Mack.

On February 4, 2011, plaintiff filed a motion to compel information concerning the plaintiffs and the accounts MRS was collecting when it called plaintiffs. Docket Item 29. In response to that motion, in open court, MRS committed to providing all responsive documents and information concerning plaintiff David Mack. MRS also committed to producing all responsive documents and information concerning Christopher Mack when he was added into the case. Plaintiff's second motion to compel was therefore denied as moot on March 7, 2011. Docket Item 56.

The requests are as follows:

**Interrogatory 1: Identify all sources from which you obtained the phone numbers 773-xxx-9181 and 773-xxx-8862, along with all other numbers called in association with the alleged debt of Julie Schultz.**

**Doc. Req. 1. All documents, records, data, recordings and other materials relating to plaintiff, or which are indexed, filed or retrievable under plaintiffs' names or any number, symbol, designation or code (such as an account number or Social Security number) assigned to plaintiffs, Julie Schultz or the phone numbers 773-615-9181 or 773-615-8862.**

**Doc. Req. 2. All documents transmitted to any third party as to any account associated with Julie Schultz, 773-xxx-9181 or 773-xxx-8862. Please include the "form" for any letter or document which you sent but for which you do not have a precise copy.**

Christopher Mack has now been added back into the case, and MRS still refuses to provide this information. Plaintiff requests that the Court issue a rule to show cause why it has not complied with its commitment to do so.

Defense counsel apparently believes that the agreement was that MRS would provide the information once the parties were "at issue" with respect to Christopher Mack, because discovery as to Christopher, in MRS' view, was inappropriate until some dispositive motion, which has not yet been filed, has been decided. In the very next breath, however, MRS has issued two subpoenas concerning Christopher.

MRS cannot have it both ways, and its motion to stay discovery was denied.

Plaintiff requests that the Court issue an order granting plaintiff's Second Motion to Compel in its entirety, and requiring MRS to show cause why it has not complied with its earlier representations. Under these circumstances, plaintiff's counsel respectfully submits that defense counsel is acting in bad faith, and for purposes of harassment.

**<u>CONCLUSION</u>**

WHEREFORE, plaintiff respectfully requests that this Court compel defendant MRS Associates, Inc. to provide full responses to interrogatory 1, and document requests 1 and 2.

Respectfully submitted,

/s/Alexander H. Burke

**BURKE LAW OFFICES, LLC**
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

# Appendix 1



THE SESSIONS FIRM
# SESSIONS
# FISHMAN
# NATHAN &
# ISRAEL L.L.C.
ATTORNEYS AT LAW

BRYAN C. SHARTLE
Direct: (504) 846-7917
bshartle@sessions-law.biz

March 16, 2011

**Via U.S. Mail & Email**

Alexander H. Burke, Esq.
BURKE LAW OFFICES, LLC
155 North Michigan Avenue, Suite 9020
Chicago, IL 60601

Re:  *David and Christopher Mack v. MRS Associates, Inc.*
     Case No. 10-cv-04244, U.S.D.C., N.D. Ill.
     **Indemnity Demand**

Dear Mr. Burke:

MRS Associates, Inc. ("MRS") hereby demands that Julie Schultz indemnify the company for all damages, liability, attorneys' fees, and costs relating to the above-referenced matter.

On June 25, 2010, Ms. Schultz executed the attached Release and Settlement Agreement ("Agreement"). *See* Exhibit A, Agreement. Pursuant to the Agreement, Ms. Schultz released MRS from any claim she "ever had, or now has, against MRS by reason of any matter, cause or thing whatsoever occurring from the beginning of the world to the date of this Release, regarding any of the allegations made or that could have been made in the Lawsuit, including, but not limited to, the debt collection activities of MRS[.]" *Id.* at p. 2, ¶ 3. Ms. Schultz represented and warranted "that she has not transferred, assigned or otherwise sold any portion of the claims or causes of action . . . which are related in any way to the Account or the collection attempts related to the Account, *and that she is the sole holder of such claims and causes of actions.*" *Id.* at pp. 2-3, ¶ 6 (emphasis added). The Agreement requires Ms. Schultz "to indemnify and hold MRS harmless if [she] is found to have pursued any Released Claim against any Released Party." *Id.* at p. 2, ¶ 4. The Agreement also requires Ms. Schultz to pay all attorneys' fees and costs incurred by MRS in enforcing the Agreement. *Id.* at p. 4, ¶ 13.

At the time the Agreement was executed, Ms. Schultz *and you* were aware that MRS called the 8862 and 9181 numbers. Both Ms. Schultz and you understood that MRS was calling the two numbers *for Ms. Schultz* and in an attempt to collect *Ms.*

Lakeway Two    Suite 200    3850 North Causeway Boulevard    Metairie, Louisiana    70002-7227
(504) 828-3700    (504) 828-3737 F    www.sessions-law.com

CALIFORNIA ■ COLORADO ■ FLORIDA ■ ILLINOIS ■ LOUISIANA ■ NEW JERSEY ■ NEW YORK ■ TEXAS

SESSIONS FISHMAN NATHAN *&* ISRAEL LLC
ATTORNEYS AT LAW

Alexander H. Burke, Esq.
*David and Christopher Mack v. MRS Associates, Inc.*
Case No. 10-cv-04244, U.S.D.C., N.D. Ill.
March 16, 2011 – Page 2

*Schultz's Account.*  Per the Agreement, Ms. Schultz confirmed (with your approval) that she was "the sole holder" of any claims and causes of action relating to these calls.  *Id.* at pp. 2-3, ¶ 6.  Based upon these representations, MRS settled its claims with Ms. Schultz.

Despite Ms. Schultz's representations, on July 8, 2010 (only 13 days after the Agreement was executed), the above-referenced lawsuit relating to the same 8862 and 9181 calls was filed against MRS by David and Christopher Mack, who now claim to own the claims and causes of action relating to the calls.  Per the Agreement and as a matter of law, Ms. Schultz must indemnify MRS for the claims asserted by David and Christopher Mack.  MRS expects Ms. Schultz to fully indemnify the company for all attorneys' fees and costs incurred to date and for any future damages, liability, and attorneys' fees incurred relating to David and Christopher Mack's claims.

Thanking you for your expected cooperation,

Very truly yours,

Bryan C. Shartle

BCS
Enclosures
\\sfnfs02\prolawdocs\9441\9441-27232\mack, david & christopher\375363.doc

# Exhibit A

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made between Julie Schultz a/k/a Julie Mack ("Schultz") and MRS Associates, Inc. ("MRS").

WHEREAS, Schultz sued MRS individually and on behalf of a putative class of persons in the United States District Court for the Northern District of Illinois, Case No. 1:10-cv-01621 ("the "Lawsuit"), alleging that MRS violated the Fair Debt Collection Practices Act in the course of its attempts to collect a debt owed by Schultz (the "Account"), and;

WHEREAS, Schultz and MRS desire to settle, resolve and dispose of any and all of the claims asserted by Schultz in the Lawsuit in order to avoid expensive, time-consuming and uncertain litigation and;

WHEREAS, nothing contained herein is to be construed as an admission of liability on the part of any settling party. To the contrary, all settling parties specifically deny any liability for any of the claims alleged in the Lawsuit or related to the Account; and

WHEREAS, the terms of this Agreement represent the compromise of disputed claims in the Lawsuit and related to the Account, and do not in any way signify that there was wrongdoing on any party's part.

NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants contained therein, Schultz and MRS agree as follows:

1.     Schultz shall file with the court a Stipulation to Dismissal no later than June 30, 2010. The Stipulation to Dismissal will have the effect of dismissing the Lawsuit with prejudice as to Julie Schultz, and without prejudice as to the putative class.

2.     MRS shall pay a total settlement of $6,000.00 (six thousand dollars and no cents), inclusive of fees and costs, as follows:

1

    a. $2,800.00 (two thousand eight hundred dollars), made payable to Julie Schultz, by June 29, 2010;

    b. $200.00 (two hundred dollars), made payable to Burke Law Offices, LLC, by June 29, 2010;

    c. $3,000.00 (three thousand dollars), made payable to Burke Law Offices, LLC, by July 29, 2010.

3.    Schultz, her heirs, personal representatives, successors and assigns, hereby release and forever discharge MRS, and its parent companies, subsidiaries, officers, directors, members, employees, agents, attorneys, predecessors, successors, and assigns ("Released Parties") of and from any and all manner of action and actions, reckonings, variances, trespasses, damages, judgments, decrees, executions, claims and demands whatsoever, in law, equity, or otherwise, Schultz ever had, or now has, against MRS by reason of any matter, cause or thing whatsoever occurring from the beginning of the world to the date of this Release, regarding any of the allegations made or that could have been made in the Lawsuit, including, but not limited to, the debt collection activities of MRS ("Released Claims").

4.    Schultz hereby agrees to indemnify and hold MRS harmless if Schultz is found to have pursued any Released Claim against any Released Party.

5.    The provisions of any state, federal, local or territorial law or statute providing expressly or in substance that releases shall not extend to claims, injuries or damages which are unknown or unsuspected to exist at the time are expressly waived by Schultz.

6.    Schultz represents and warrants that she has not transferred, assigned or otherwise sold any portion of the claims or causes of action that she is alleging in this Lawsuit, or

which are related in any way to the Account or the collection attempts related to the Account, and that she is the sole holder of such claims and causes of actions.

7.     Schultz represents and warrants that there have been no representations or promises made by MRS to her on which she relied in connection with this Agreement other than what is set forth herein in writing. Schultz further represents and warrants that she is not being induced to enter into this Agreement by anything other than the written words contained in this Agreement.

8.     Schultz represents and warrants that she had an adequate opportunity to review all aspects of this Agreement with an attorney of her choosing, that she understands all the provisions of the Agreement, and that she is voluntarily accepting its terms.

9.     Should any clause, sentence, paragraph or other part of this Agreement be finally adjudged by any court of competent jurisdiction to be unconstitutional, invalid or in any way unenforceable, such adjudication shall not affect, impair, invalidate or nullify the Agreement, but shall affect only the clause, sentence, paragraph or other parts so adjudged.

10.    This Agreement shall be governed by, and construed in accordance with the substantive law of the State of Illinois.

11.    This Agreement constitutes the entire agreement and understanding between the parties thereto and shall not be modified or altered except by written instrument duly executed by the parties thereto.

12.    Schultz agrees to keep strictly confidential and not to disclose the names or any identifying information of MRS concerning this settlement to any person or on any medium other than to the undersigned's lawyer, immediate family members, accountant,

3

income tax preparer or similar professional as well as taxing authorities if required. To the extent the undersigned is required to disclose this information to such professionals, the undersigned shall instruct such professionals that this information is to be kept strictly confidential.

13.     If an action to enforce the provisions of this settlement agreement is required the prevailing party shall be entitled to attorney's fees and costs, except for the confidentiality provisions herein.

14.     This Agreement may be signed in counterparts and facsimile signatures will be deemed originals.


**(SIGNATURE PAGE TO FOLLOW)**


Dated: _____June 25th____, 2010

MRS Associates, Inc.

4

By: _Jeffey M. Freen_

Its: _Co - CEO_

Sworn to before me this

25th day of June, 2010

_Maria C. Hiester_

MARIA CHRISTINA HIESTER
NOTARY PUBLIC OF NEW JERSEY
MY COMMISSION EXPIRES SEPT 4, 2013

Dated: _____, 2010

_____

Julie Schultz

Sworn to before me this

_____ day of June, 2010

_____

5

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement ("Agreement") is made between Julie Schultz a/k/a Julie Mack ("Schultz") and MRS Associates, Inc. ("MRS").

WHEREAS, Schultz sued MRS individually and on behalf of a putative class of persons in the United States District Court for the Northern District of Illinois, Case No. 1:10-cv-01621 ("the "Lawsuit"), alleging that MRS violated the Fair Debt Collection Practices Act in the course of its attempts to collect a debt owed by Schultz (the "Account"), and;

WHEREAS, Schultz and MRS desire to settle, resolve and dispose of any and all of the claims asserted by Schultz in the Lawsuit in order to avoid expensive, time-consuming and uncertain litigation and;

WHEREAS, nothing contained herein is to be construed as an admission of liability on the part of any settling party. To the contrary, all settling parties specifically deny any liability for any of the claims alleged in the Lawsuit or related to the Account; and

WHEREAS, the terms of this Agreement represent the compromise of disputed claims in the Lawsuit and related to the Account, and do not in any way signify that there was wrongdoing on any party's part.

NOW, THEREFORE, in consideration of the foregoing, and in consideration of the covenants contained therein, Schultz and MRS agree as follows:

1.      Schultz shall file with the court a Stipulation to Dismissal no later than June 30, 2010. The Stipulation to Dismissal will have the effect of dismissing the Lawsuit with prejudice as to Julie Schultz, and without prejudice as to the putative class.

2.  .   MRS shall pay a total settlement of $6,000.00 (six thousand dollars and no cents), inclusive of fees and costs, as follows:

1

    a.  $2,800.00 (two thousand eight hundred dollars), made payable to Julie Schultz, by June 29, 2010;

    b.  $200.00 (two hundred dollars), made payable to Burke Law Offices, LLC, by June 29, 2010;

    c.  $3,000.00 (three thousand dollars), made payable to Burke Law Offices, LLC, by July 29, 2010.

3.    Schultz, her heirs, personal representatives, successors and assigns, hereby release and forever discharge MRS, and its parent companies, subsidiaries, officers, directors, members, employees, agents, attorneys, predecessors, successors, and assigns ("Released Parties") of and from any and all manner of action and actions, reckonings, variances, trespasses, damages, judgments, decrees, executions, claims and demands whatsoever, in law, equity, or otherwise, Schultz ever had, or now has, against MRS by reason of any matter, cause or thing whatsoever occurring from the beginning of the world to the date of this Release, regarding any of the allegations made or that could have been made in the Lawsuit, including, but not limited to, the debt collection activities of MRS ("Released Claims").

4.    Schultz hereby agrees to indemnify and hold MRS harmless if Schultz is found to have pursued any Released Claim against any Released Party.

5.    The provisions of any state, federal, local or territorial law or statute providing expressly or in substance that releases shall not extend to claims, injuries or damages which are unknown or unsuspected to exist at the time are expressly waived by Schultz.

6.    Schultz represents and warrants that she has not transferred, assigned or otherwise sold any portion of the claims or causes of action that she is alleging in this Lawsuit, or

2

which are related in any way to the Account or the collection attempts related to the Account, and that she is the sole holder of such claims and causes of actions.

7.     Schultz represents and warrants that there have been no representations or promises made by MRS to her on which she relied in connection with this Agreement other than what is set forth herein in writing.  Schultz further represents and warrants that she is not being induced to enter into this Agreement by anything other than the written words contained in this Agreement.

8.     Schultz represents and warrants that she had an adequate opportunity to review all aspects of this Agreement with an attorney of her choosing, that she understands all the provisions of the Agreement, and that she is voluntarily accepting its terms.

9.     Should any clause, sentence, paragraph or other part of this Agreement be finally adjudged by any court of competent jurisdiction to be unconstitutional, invalid or in any way unenforceable, such adjudication shall not affect, impair, invalidate or nullify the Agreement, but shall affect only the clause, sentence, paragraph or other parts so adjudged.

10.    This Agreement shall be governed by, and construed in accordance with the substantive law of the State of Illinois.

11.    This Agreement constitutes the entire agreement and understanding between the parties thereto and shall not be modified or altered except by written instrument duly executed by the parties thereto.

12.    Schultz agrees to keep strictly confidential and not to disclose the names or any identifying information of MRS concerning this settlement to any person or on any medium other than to the undersigned's lawyer, immediate family members, accountant,

3

income tax preparer or similar professional as well as taxing authorities if required.  To the extent the undersigned is required to disclose this information to such professionals, the undersigned shall instruct such professionals that this information is to be kept strictly confidential.

13.     If an action to enforce the provisions of this settlement agreement is required the prevailing party shall be entitled to attorney's fees and costs, except for the confidentiality provisions herein.

14.     This Agreement may be signed in counterparts and facsimile signatures will be deemed originals.

(SIGNATURE PAGE TO FOLLOW)

Dated: _____, 2010

MRS Associates, Inc.

4

By: _____

Its: _____

Sworn to before me this

_____ day of June, 2010

_____

Dated: _June 25_, 2010

_____
Julie Schultz

Sworn to before me this

25 day of June, 2010

OFFICIAL SEAL
JAMES G PICHA
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES:03/09/13

5

# Appendix 2

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| DAVID MACK and CHRISTOPHER MACK, on behalf of themselves and others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Judge Hibbler |
| v. | ) ) | Case No.: 1:10-cv-04244 |
| MRS ASSOCIATES, INC., | ) ) | Magistrate Keys |
| Defendant. | ) ) | |

### NOTICE OF SUBPOENA

To:    Alexander H. Burke
       BURKE LAW OFFICES, LLC
       155 N. Michigan Ave., Suite 9020
       Chicago, IL 60601
       ABurke@BurkeLawLLC.com

PLEASE TAKE NOTICE that the attached subpoena was served on Regina Webster & Associates on March 16, 201, scheduling a deposition and document production for April 15, 2011 at 3:00 p.m., at which time you may appear.

Respectfully Submitted,

By: */s/ James K. Schultz*
    Attorney for MRS Associates, Inc.

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
55 West Monroe, Suite 1120
Chicago, IL 60603
Telephone: (312) 578-0990
Facsimile: (312) 578-0991
E-Mail: jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, LLC
Lakeway Two, Suite 200
3850 North Causeway Boulevard
Metairie, LA 70002-7227
Telephone: (504) 828-3700
Facsimile: (504) 828-3737
E-Mail: disrael@sessions-law.biz

Attorneys for Defendant MRS Associates, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that on this 16th day of March, 2011, a copy of the foregoing **NOTICE OF SUBPOENA** was served electronically on the following attorney of record.

> Alexander H. Burke
> BURKE LAW OFFICES, LLC
> 155 N. Michigan Ave., Suite 9020
> Chicago, IL 60601
> (312) 729-5288
> (312) 729-5289 (fax)
> ABurke@BurkeLawLLC.com

> /s/ James K. Schultz
> Attorney for MRS Associates, Inc.

AO 88B  (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAVID MACK and CHRISTOPHER MACK | ) | |
| *Plaintiff* | ) | |
| v. | ) | Civil Action No.   10 C 4244 |
| MRS ASSOCIATES, INC. | ) | |
| | ) | (If the action is pending in another district, state where: |
| *Defendant* | ) | ) |

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:  Regina Webster & Associates, Inc., 8619 West Bryn Mawr Avenue, Suite 602, Chicago, Illinois  60631-3551

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Sessions, Fishman, Nathan & Israel, LLC<br>55 West Monroe St., Suite 1120<br>Chicago, Illinois  60603 | Date and Time:<br><br>04/15/2011 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date:  _____

*CLERK OF COURT*

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                      *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*      MRS Associates, Inc.
_____ , who issues or requests this subpoena, are:

James K. Schultz, Sessions, Fishman, Nathan & Israel, LLC, 55 West Monroe Street, Suite 1120, Chicago, Illinois, 60603, (312) 578-0993; jschultz@sessions-law.biz

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10 C 4244

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

❏ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ ___0.00___ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*Mack v. MRS Subpoena Rider*

1.    Any and all records, documents, statements, invoices, or receipts relating to the ownership, purchase, use, or reimbursement for any cell or mobile phone used by Christopher Mack, including, but not limited to, the 773-███-8862 or 773-███ 9181 telephone numbers.

2.    Any and all records, documents, memos, policies, guidelines or similar material that reflect or contain the company's policy regarding the use of cell phones by employees and/or reimbursement to the employee of the costs associated with the use of the cell phone.

3.    Any and all records, documents, e-mails or other correspondence regarding Christopher's Mack use of a cell phone associated with the number 773-███8862 or 773-███9181 in performance of his job duties.

AO 88B (Rev. 06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

## NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID MACK and CHRISTOPHER MACK | ) |
| *Plaintiff* | ) |
| v. | ) Civil Action No.   10 C 4244 |
| MRS ASSOCIATES, INC. | ) |
| | ) (If the action is pending in another district, state where: |
| *Defendant* | )                                                             ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: Regina Webster & Associates, Inc., 6160 North Cicero Avenue, Chicago, Illinois  60646

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and permit their inspection, copying, testing, or sampling of the material: See attached Rider.

| Place: Sessions, Fishman, Nathan & Israel, LLC<br>55 West Monroe St., Suite 1120<br>Chicago, Illinois  60603 | Date and Time:<br><br>04/15/2011 3:00 pm |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45 (d) and (e), relating to your duty to respond to this subpoena and the potential consequences of not doing so, are attached.

Date: _____

CLERK OF COURT

OR

_____          _____
*Signature of Clerk or Deputy Clerk*                    *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing *(name of party)*    MRS Associates, Inc.
_____ , who issues or requests this subpoena, are:

James K. Schultz, Sessions, Fishman, Nathan & Israel, LLC, 55 West Monroe Street, Suite 1120, Chicago, Illinois, 60603, (312) 578-0993; jschultz@sessions-law.biz

AO 88B  (Rev.  06/09) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.  10 C 4244

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

This subpoena for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____0.00_____ .

I declare under penalty of perjury that this information is true.

Date: _____          _____
                                                    *Server's signature*

                                               _____
                                                    *Printed name and title*

                                               _____
                                                    *Server's address*

Additional information regarding attempted service, etc:

## Federal Rule of Civil Procedure 45 (c), (d), and (e) (Effective 12/1/07)

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*

**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

**(A)** *When Required.* On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

*Mack v. MRS Subpoena Rider*

1.     Any and all records, documents, statements, invoices, or receipts relating to the ownership, purchase, use, or reimbursement for any cell or mobile phone used by Christopher Mack, including, but not limited to, the 773-██8862 or 773-██-9181 telephone numbers.

2.     Any and all records, documents, memos, policies, guidelines or similar material that reflect or contain the company's policy regarding the use of cell phones by employees and/or reimbursement to the employee of the costs associated with the use of the cell phone.

3.     Any and all records, documents, e-mails or other correspondence regarding Christopher's Mack use of a cell phone associated with the number 773-██8862 or 773-██-9181 in performance of his job duties.

# Appendix 3

## Alex Burke

| | |
|---|---|
| **From:** | Shartle, Bryan <bshartle@sessions-law.biz> |
| **Sent:** | Wednesday, March 16, 2011 10:42 PM |
| **To:** | Alex Burke |
| **Cc:** | James K. Schultz |
| **Subject:** | RE: Mack v. MRS |

We disagree and intend on issuing the subpoena for the following reasons:

First, the subpoena will *not* impose any undue burden or expense on the party subject to the subpoena.  To the contrary, the subpoena is very narrow in scope.  Moreover, only the party subject to the subpoena has the right to object to undue burden or expense under Rule 45.  Your Rule 45(c) objection, therefore, is completely baseless.

Second, as you know, our position is that neither Christopher nor David has standing.  If Christopher's employer is paying for the phones, we have the right to know and we do not have to accept your clients' representations as conclusive of the issue.  Just as you are doing, we have the right to obtain evidence from third parties who may have information relating to this case.

Third, your Rule 26(g)(1)(B)(ii) argument is absurd.  There is nothing "improper" or "harassing" about issuing a subpoena to a third party who may have critical information or documents dispositive of the entire case.  And I again remind you that employer records are often sought in class actions relating to proposed class representatives.

Fourth, I find your position hypocritical.  You force MRS to issue subpoenas to all of its clients, which you understand will not be received well by the clients and then you accuse MRS of violating the Federal Rules of Civil Procedure when it seeks to obtain evidence from Christopher's employer regarding the cell phones at issue.  Your position is unfair and inconsistent.

Finally, to the extent you have some knowledge regarding whether Christopher's employer is paying or reimbursing for one or both of the phones, you should disclose such information now.  Your emails, which "invite" us to serve discovery, suggests you may be withholding information.

Although we will take you up on your invitation to serve discovery, we will not withdraw the subpoena.  MRS has the right to gather evidence and defend itself, but I commit that we will be professional and courteous to Christopher's employer and avoid creating any drama or work-related problems for Christopher.  Our intention is not to create any problems for Christopher, but simply to marshal all evidence we can to defend MRS.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 8:02 PM
**To:** Shartle, Bryan
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Fed.R.Civ.P. 45(c)

### (c) Protecting a Person Subject to a Subpoena.

#### (1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Your subpoena is based upon a hunch. You have therefore taken even the earliest step to avoid imposition upon the responding party.

Further, Fed.R.Civ.P. 26(g)(1)(B)(ii) provides that discovery requests shall not be:

interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

A subpoena to a party's employer is a very delicate thing, regardless of the substance. People have been fired for less than this. Under these circumstances, asking the employer before asking the plaintiff is designed to harass the plaintiff.

Alex Burke

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** Shartle, Bryan [mailto:bshartle@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:53 PM
**To:** Alex Burke
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Give me a case which says that I must issue discovery to the plaintiff before I issue subpoenas and I will reconsider.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 7:51 PM
**To:** Shartle, Bryan
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Bryan and Jim,

Maybe you are entitled to information like this, maybe not, but you are required to try to obtain such information from the plaintiff through discovery before sending out subpoenas based upon hunches.

You have not even inquired about this issue, or any issue at all, with plaintiff. Under such circumstances, the subpoena is improper.

If you do not withdraw the subpoena, or agree not to serve it until this is worked out, I will be filing a motion for protective order.

We agree to revisit the issue if your investigation with plaintiff reveals a reasonable basis for the subpoena.

Alex Burke

## BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312)

729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** Shartle, Bryan [mailto:bshartle@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:41 PM
**To:** Alex Burke
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Alex:

In his bankruptcy petition, Christopher Mack states that he is a "Field Associate" for "Regina Webster." Christopher claims that he has been employed with the company for over 4 years. We understand that "Regina Webster" is a civil engineering firm, which focuses on traffic engineering.

We want to know whether Christopher's employer is paying for one or both of the cell phones. Due to the nature of his job, we believe that Christopher's employer may be reimbursing him. The subpoena is very narrow. We are entitled to this information, particularly considering that (a) Christopher seeks to be a class representative and (b) you allege David Mack has standing because he is allegedly paying Christopher for use of the 9181 number. Also, we think it strange that Christopher has two cell phones and receives two separate bills. We believe one of the phones is for work and the other is for personal use. We will not withdraw the subpoena.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 7:24 PM
**To:** Shartle, Bryan; James K. Schultz
**Subject:** RE: Mack v. MRS

What basis do you have for serving such as subpoena on this company?

Do you have any reason to believe the company knows anything about plaintiff's cell phone or the facts in this case? If so, what?

Alex Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system.  This message is not intended to create an attorney-client relationship.  Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** Shartle, Bryan [mailto:bshartle@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:19 PM
**To:** Alex Burke; James K. Schultz
**Subject:** RE: Mack v. MRS

Christopher Mack identified the company as his employer on his bankruptcy schedule.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 7:18 PM
**To:** James K. Schultz
**Cc:** Shartle, Bryan
**Subject:** RE: Mack v. MRS

Counsel,

What is Regina Webster Associates, and why are you asking for information regarding the plaintiffs' cell phone numbers from this company?

Alex Burke

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** James K. Schultz [mailto:jschultz@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:08 PM
**To:** Alex Burke
**Cc:** Shartle, Bryan
**Subject:** RE: Mack v. MRS

Alex:

Attached is another subpoena that we are serving on Regina Webster & Associates, There are 2 since we have 2 addresses for Regina.

Jim



**James K. Schultz, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 312.578.0993 | Mobile: 312.504.3485 | Fax: 312.578.0991 | jschultz@sessions-l
55 W. Monroe St., Ste.1120, Chicago, IL 60603 | Main: 312.578.0990
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 3:39 PM
**To:** James K. Schultz
**Cc:** Shartle, Bryan
**Subject:** RE: Mack v. MRS

Got it.

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** James K. Schultz [mailto:jschultz@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 3:37 PM

**To:** Alex Burke
**Cc:** Shartle, Bryan
**Subject:** Mack v. MRS

Alex:

Attached is the notice of subpoena and subpoena that we served today on US Cellular.

Jim



**James K. Schultz, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 312.578.0993 | Mobile: 312.504.3485 | Fax: 312.578.0991 | jschultz@sessions-l
55 W. Monroe St., Ste.1120, Chicago, IL 60603 | Main: 312.578.0990
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.

**Alex Burke**

| | |
|---|---|
| **From:** | Shartle, Bryan <bshartle@sessions-law.biz> |
| **Sent:** | Wednesday, March 16, 2011 10:42 PM |
| **To:** | Alex Burke |
| **Cc:** | James K. Schultz |
| **Subject:** | RE: Mack v. MRS |

We disagree and intend on issuing the subpoena for the following reasons:

First, the subpoena will *not* impose any undue burden or expense on the party subject to the subpoena.  To the contrary, the subpoena is very narrow in scope.  Moreover, only the party subject to the subpoena has the right to object to undue burden or expense under Rule 45.  Your Rule 45(c) objection, therefore, is completely baseless.

Second, as you know, our position is that neither Christopher nor David has standing.  If Christopher's employer is paying for the phones, we have the right to know and we do not have to accept your clients' representations as conclusive of the issue.  Just as you are doing, we have the right to obtain evidence from third parties who may have information relating to this case.

Third, your Rule 26(g)(1)(B)(ii) argument is absurd.  There is nothing "improper" or "harassing" about issuing a subpoena to a third party who may have critical information or documents dispositive of the entire case.  And I again remind you that employer records are often sought in class actions relating to proposed class representatives.

Fourth, I find your position hypocritical.  You force MRS to issue subpoenas to all of its clients, which you understand will not be received well by the clients and then you accuse MRS of violating the Federal Rules of Civil Procedure when it seeks to obtain evidence from Christopher's employer regarding the cell phones at issue.  Your position is unfair and inconsistent.

Finally, to the extent you have some knowledge regarding whether Christopher's employer is paying or reimbursing for one or both of the phones, you should disclose such information now.  Your emails, which "invite" us to serve discovery, suggests you may be withholding information.

Although we will take you up on your invitation to serve discovery, we will not withdraw the subpoena.  MRS has the right to gather evidence and defend itself, but I commit that we will be professional and courteous to Christopher's employer and avoid creating any drama or work-related problems for Christopher.  Our intention is not to create any problems for Christopher, but simply to marshal all evidence we can to defend MRS.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 8:02 PM
**To:** Shartle, Bryan
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Fed.R.Civ.P. 45(c)

## (c) Protecting a Person Subject to a Subpoena.

### (1) Avoiding Undue Burden or Expense; Sanctions.

A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

Your subpoena is based upon a hunch. You have therefore taken even the earliest step to avoid imposition upon the responding party.

Further, Fed.R.Civ.P. 26(g)(1)(B)(ii) provides that discovery requests shall not be:

interposed for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;

A subpoena to a party's employer is a very delicate thing, regardless of the substance. People have been fired for less than this. Under these circumstances, asking the employer before asking the plaintiff is designed to harass the plaintiff.

Alex Burke

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** Shartle, Bryan [mailto:bshartle@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:53 PM
**To:** Alex Burke
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Give me a case which says that I must issue discovery to the plaintiff before I issue subpoenas and I will reconsider.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 7:51 PM
**To:** Shartle, Bryan
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Bryan and Jim,

Maybe you are entitled to information like this, maybe not, but you are required to try to obtain such information from the plaintiff through discovery before sending out subpoenas based upon hunches.

You have not even inquired about this issue, or any issue at all, with plaintiff. Under such circumstances, the subpoena is improper.

If you do not withdraw the subpoena, or agree not to serve it until this is worked out, I will be filing a motion for protective order.

We agree to revisit the issue if your investigation with plaintiff reveals a reasonable basis for the subpoena.

Alex Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312)

729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

---

**From:** Shartle, Bryan [mailto:bshartle@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:41 PM
**To:** Alex Burke
**Cc:** James K. Schultz
**Subject:** RE: Mack v. MRS

Alex:

In his bankruptcy petition, Christopher Mack states that he is a "Field Associate" for "Regina Webster." Christopher claims that he has been employed with the company for over 4 years. We understand that "Regina Webster" is a civil engineering firm, which focuses on traffic engineering.

We want to know whether Christopher's employer is paying for one or both of the cell phones. Due to the nature of his job, we believe that Christopher's employer may be reimbursing him. The subpoena is very narrow. We are entitled to this information, particularly considering that (a) Christopher seeks to be a class representative and (b) you allege David Mack has standing because he is allegedly paying Christopher for use of the 9181 number. Also, we think it strange that Christopher has two cell phones and receives two separate bills. We believe one of the phones is for work and the other is for personal use. We will not withdraw the subpoena.



**Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

---

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 7:24 PM
**To:** Shartle, Bryan; James K. Schultz
**Subject:** RE: Mack v. MRS

What basis do you have for serving such as subpoena on this company?

Do you have any reason to believe the company knows anything about plaintiff's cell phone or the facts in this case? If so, what?

Alex Burke

**BURKE LAW OFFICES, LLC**

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** Shartle, Bryan [mailto:bshartle@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:19 PM
**To:** Alex Burke; James K. Schultz
**Subject:** RE: Mack v. MRS

Christopher Mack identified the company as his employer on his bankruptcy schedule.



Bryan C. Shartle, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.
Direct: 504.846.7917 | Fax: 504.828.3737 | bshartle@sessions-law.biz
3850 N. Causeway Blvd., Suite 200, Metairie, LA 70002-7227 | Main: 504.828.3700
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 7:18 PM
**To:** James K. Schultz
**Cc:** Shartle, Bryan
**Subject:** RE: Mack v. MRS

Counsel,

What is Regina Webster Associates, and why are you asking for information regarding the plaintiffs' cell phone numbers from this company?

Alex Burke

# BURKE LAW OFFICES, LLC

155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** James K. Schultz [mailto:jschultz@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 7:08 PM
**To:** Alex Burke
**Cc:** Shartle, Bryan
**Subject:** RE: Mack v. MRS

Alex:

Attached is another subpoena that we are serving on Regina Webster & Associates,  There are 2 since we have 2 addresses for Regina.

Jim



**James K. Schultz, Attorney  |  Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 312.578.0993 | Mobile: 312.504.3485 | Fax: 312.578.0991 | jschultz@sessions-l
55 W. Monroe St., Ste.1120, Chicago, IL 60603  |  Main: 312.578.0990
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

**From:** Alex Burke [mailto:ABurke@BurkeLawLLC.com]
**Sent:** Wednesday, March 16, 2011 3:39 PM
**To:** James K. Schultz
**Cc:** Shartle, Bryan
**Subject:** RE: Mack v. MRS

Got it.

BURKE LAW OFFICES, LLC
155 N. Michigan Ave., Suite 9020
Chicago, IL 60601
(312) 729-5288
(312) 729-5289 (fax)
ABurke@BurkeLawLLC.com
www.BurkeLawLLC.com

The information transmitted through this communication is intended only for the addressee and may contain confidential and/or privileged material. Any unauthorized interception, review, retransmission, dissemination, or other use of, or taking of any action upon this information by persons or entities other than the intended recipient is prohibited and may subject the unauthorized person or entity to criminal or civil liability. If you received this communication in error, please contact us immediately at (312) 729-5288, and delete the communication from any computer or network system. This message is not intended to create an attorney-client relationship. Unless you have entered into a written, signed document entitled "Authorization" with Burke Law Offices, LLC, the firm does not represent you.

**From:** James K. Schultz [mailto:jschultz@sessions-law.biz]
**Sent:** Wednesday, March 16, 2011 3:37 PM

**To:** Alex Burke
**Cc:** Shartle, Bryan
**Subject:** Mack v. MRS

Alex:

Attached is the notice of subpoena and subpoena that we served today on US Cellular.

Jim



**James K. Schultz, Attorney | Sessions, Fishman, Nathan & Israel, L.L.C.**
Direct: 312.578.0993 | Mobile: 312.504.3485  |  Fax: 312.578.0991  | jschultz@sessions-l
55 W. Monroe St., Ste.1120, Chicago, IL 60603  |  Main: 312.578.0990
Direct Links: BIO • EMAIL • WEBSITE
California • Colorado • Florida • Illinois • Louisiana • New Jersey • New York •

Confidentiality: This e-mail is confidential and intended only for the recipient(s) named. Unless you are a named recipient, your reading, distributing, forwarding, or copying this communication is prohibited and may violate the legal rights of others. If you received this communication in error, please call me, return the e-mail to me, and delete it from your system.