IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DAVID MACK and CHRISTOPHER MACK, on behalf of themselves and others similarly situated, </br></br>Plaintiff,</br></br>v.</br></br>MRS ASSOCIATES, INC.,</br></br>Defendant. | Judge William J. Hibbler </br></br> Case No.: 1:10-cv-04244 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR PARTIAL SUMMARY JUDGMENT**

NOW COMES defendant, MRS Associates, Inc., n/k/a MRS BPO LLC ("MRS"), through counsel, and pursuant to Fed. R. Civ. P. 56 and L.R. 56.1, moves this Court to dismiss all claims asserted by plaintiffs, David and Christopher Mack, under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

### I. INTRODUCTION

This case relates to calls made unwittingly to two cell phone numbers, *i.e.*, 773-xxx-9181 and 773-xxx-8862. Plaintiffs allege MRS violated the TCPA by simply calling these two numbers. Plaintiffs do *not* allege, nor could they allege, that they asked MRS to stop calling the numbers or that MRS ignored any request to stop calling. Instead, plaintiffs kept quiet and permitted the calls to continue until they "racked up" enough in alleged statutory damages of $500 to $1,500/per call. Plaintiffs then ran to federal court and filed this class action lawsuit against MRS asserting TCPA violations for their purported "damages." The Court should dismiss plaintiffs' TCPA claims.

Plaintiffs ask this Court to adopt an interpretation of the TCPA that has been rejected by

every court to analyze the issue. Specifically, plaintiffs request the Court to rule that any person who happens to answer the related telephone call has standing to assert a TCPA claim for the call. Plaintiffs' expansive interpretation of the TCPA is contrary to the statutory language, which indicates the only person who has standing to assert a TCPA claim for a phone call is the person to whom the call was directed, *i.e.*, the intended recipient of the call. *See, e.g., Cellco Partnership v. Dealers Warranty, LLC*, 2010 WL 3946713, *9 (D. N.J. 2010) ("By its terms, § 227(b)(1)(A)(iii) provides an exception for calls made for emergency purposes or made with the prior express consent of the called party. Accordingly, the only logical reading of § 227(b)(1)(A)(iii) is one that would require the party asserting the claim to be the party to whom the call is directed. Any other reading, would render the exception for calls 'made with the prior express consent of the called party' a nullity.").

Several courts have also ruled plaintiffs' interpretation of the TCPA would lead to absurd results if accepted. *See, e.g., Leyse v. Bank of America, Nat. Ass'n*, 2010 WL 2382400, *5 (S.D. N.Y. 2010) ("To find otherwise would mean that when a business calls a person with a prerecorded message, that business could be liable to any individual who answers the phone despite the fact that the business only intended to call one person.").

The Court should reject plaintiffs' strained interpretation of the TCPA. Again, the only person who has standing to assert a TCPA claim for a phone call is the intended recipient of the call. *See Balbarin v. North Star*, 2011 WL 211013, *1 (N.D. Ill. 2011) (Bucklo, J.) (applying *Cellco* and *Leyse*). It is undisputed that plaintiffs were *not* the intended recipients of the subject calls they received. For this reason alone, the Court should dismiss plaintiffs' TCPA claims because plaintiffs lack statutory standing to assert them.

Moreover, most of the MRS calls at issue, *including all of the calls comprising*

2

*Christopher's TCPA claim*, were intended for Julie Schultz, plaintiffs' mother. Any TCPA claim relating to these calls was settled through Ms. Schultz's Release and Settlement Agreement with MRS. *See* J. Schultz Release and Settlement Agreement. Both plaintiffs and their counsel (who represented Ms. Schultz) are aware of this fact, yet they seek to recover here for the same calls. Considering double recovery is not permitted under the TCPA, the Court should dismiss plaintiffs' TCPA claims. *See Cellco*, 2010 WL 3946713 at *10-12 (noting TCPA does not permit two persons to recover damages for same calls). Simply put, plaintiffs' TCPA claims relating to calls for Ms. Schultz are moot due to the settlement with Ms. Schultz.

Further, the Court should be mindful that plaintiffs invoke application of the TCPA for circumstances never envisioned by the statute or Congress. The TCPA addresses telemarketing abuses, not debt collection calls. But plaintiffs seek to apply the telemarketing statute for their own gain here and to create a windfall for themselves. Contrary to plaintiffs' arguments, the TCPA was *not* created to provide a vehicle for a son (such as David or Christopher) to assert a class action lawsuit for debt collection calls he allegedly received on his phone that he knew were intended for his mother (such as Ms. Schultz), particularly when the son does nothing to notify the debt collector that it has called the wrong number or person, but instead "lies in wait" and hopes such debt collection calls continue so he can accumulate additional, alleged "statutory damages." Granting TCPA standing to such a plaintiff under these circumstances would be a perversion of the law and open the floodgates to plaintiffs who have "manufactured" their TCPA claims. The Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.*, provides an adequate remedy for consumers who are unfairly treated or harassed by a debt collector. There is no need or basis for contorting the TCPA to extend to debt collection activities already covered by the FDCPA. The Court should dismiss plaintiffs' TCPA claims.

3

## II. PROCEDURAL HISTORY

On July 8, 2010, David and Christopher filed their original Complaint. *See* Docket No. 1.

On January 7, 2011, Christopher voluntarily dismissed his claims without prejudice. *See* Docket No. 15.

On March 7, 2011, Christopher reentered the case through an Amended Complaint. *See* Docket No. 51.

Plaintiffs assert two counts. *Id.* at ¶¶ 29-51. In Count 1, plaintiffs assert TCPA claims. *Id.* at ¶¶ 29-42. David alleges his cell number is 773-xxx-9181. *Id.* at ¶ 9. Christopher alleges his cell number is 773-xxx-8862. *Id.*

David's TCPA claim relates to MRS calls to the 9181 number *for Ms. Schultz or Christopher*. *Id.* at ¶¶ 2, 10, & 12. Due to his bankruptcy filing, Christopher seeks to limit his TCPA claim to MRS calls made *after* January 18, 2010. *Id.* at ¶ 27. It is undisputed that all MRS calls to the 9181 and 8862 numbers after January 18, 2010 were *for Ms. Schultz*. *See* Affidavit of M. Meyer, at ¶ 3.

In shortest summary, plaintiffs' TCPA claims relate to calls intended for someone else. Plaintiffs were *not* the intended recipients of the calls they complain about. Based upon this and other undisputed facts, MRS seeks dismissal of plaintiffs' TCPA claims.[1]

## III. LAW AND ARGUMENT SUMMARY

"In 1991, Congress amended the Communications Act of 1934, 47 U.S.C. § 201, *et seq.*, with the enactment of the [TCPA], Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227)." *International Science & Technology Institute, Inc. v. Inacom Communications, Inc.*, 106 F.3d 1146, 1150 (4th Cir. 1997). "[T]he TCPA seeks to deal with an increasingly common nuisance—*telemarketing*." *ErieNet, Inc. v. Velocity Net, Inc.*, 156 F.3d 513, 514 (3d

---

[1] This motion does not seek to dismiss plaintiffs' FDCPA claims in Count 2.

Cir. 1998) (emphasis added). "In the TCPA, Congress found that unrestricted telemarketing can be an intrusive invasion of privacy and that many consumers are outraged by the proliferation of intrusive calls to their homes from *telemarketers*." *F.T.C. v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 857 (10th Cir. 2003) (*citing* Pub. L. No. 102-243, at § 2) (emphasis added). As the Second Circuit has explained, "[w]hile more than forty state legislatures previously enacted measures restricting unsolicited telemarketing, 'these had limited effect because States do not have jurisdiction over interstate calls.' The legislative history of the TCPA 'indicates that Congress intended the TCPA to provide interstitial law preventing evasion of state law by calling across state lines.'" *Bonime v. Avaya, Inc.*, 547 F.3d 497, 499 (2d Cir. 2008) (citations omitted).

The TCPA places limitations on telemarketing calls to *landlines* and *cell phones*. With respect to *landlines*, the TCPA provides:

> It shall be unlawful for any person within the United States . . . to initiate any telephone call to any *residential telephone line* using an artificial or prerecorded voice to deliver a message without the prior express consent of the *called party*, unless the call . . . is exempted by rule or order by the [Federal Communications Commission] under paragraph (2)(B) [wherein authority is granted to the Federal Communications Commission to create exemptions to this provision.]

47 U.S.C. § 227(b)(1)(B) (emphasis added). As to *cell phones*, the TCPA provides:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the *called party*) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a paging service, *cellular telephone service*, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii) (emphasis added).

MRS is *not* a telemarketer. Instead, MRS is a debt collector generally subject to the restrictions set forth in the FDCPA – the federal statute that regulates debt collectors. *For*

5

*purposes of this motion only*, however, MRS will assume the TCPA may be applied to non-telemarketers. *But see Starkey v. Firstsource Advantage, LLC*, 2010 WL 2541756, *5 (W.D. N.Y. 2010) ("The FDCPA, not the TCPA, was enacted by Congress to, *inter alia*, eliminate abusive debt collection practices by debt collectors."); *Garo v. Global Credit & Collection Corp.*, 2010 WL 5108605, *2 (D. Ariz. 2010) ("To the extent then that the automatic calls were debt collection calls, as the [Second Amended Complaint] alleges, Plaintiffs do not state a claim under the TCPA."). Even with this assumption, plaintiffs' TCPA claims fail as a matter of law because plaintiffs do *not* have statutory standing to assert the claims.

### A. Plaintiffs Do Not Have Statutory Standing to Assert the TCPA Claims

"Rather than dealing with the jurisdiction of the federal courts, statutory standing is simply a matter of statutory interpretation. In determining whether a plaintiff has statutory standing, a court considers whether Congress, via a statutory provision, 'has accorded *this* injured plaintiff the right to sue the defendant to redress his injury.'" *George v. Kraft Foods Global, Inc.*, 270 F.R.D. 355, 364 (N.D. Ill. 2010) (citations omitted) (emphasis in original); *see also Kohen v. Pacific Inv. Management Co. LLC*, 571 F.3d 672, 677 (7th Cir. 2009) (a party lacks "statutory standing" in situations where "although the plaintiff has been injured and would benefit from a favorable judgment and so has standing in the Article III sense, he is suing under a statute that was not intended to give him a right to sue[.]").

Plaintiffs allege MRS violated the TCPA cell phone provision, *i.e.*, 47 U.S.C. § 227(b)(1)(A)(iii), by calling the 9181 and 8862 numbers. *See* Docket No. 51, at ¶¶ 9 & 30. Plaintiffs are incorrect. However, even if MRS violated the TCPA by calling the 9181 and 8862 numbers, as explained below, plaintiffs do *not* have statutory standing to assert the TCPA claims.

In *Leyse*, the plaintiff filed a class action asserting a TCPA *landline claim* against the

6

defendant (Bank of America). *See Leyse*, 2010 WL 2382400 at *1. The court observed "[t]he 'called party' has standing to bring suit against a person or entity that violates the TCPA, even if the called party has suffered no actual harm." *Id.* at *3. The plaintiff argued he was the "called party" because he answered the defendant's telephone call. *Id.* at *1. The Court disagreed and ruled:

> [I]n this case [plaintiff] is not a "called party" within the meaning of § 227(b)(1)(B). The uncontroverted evidence shows that DialAmerica, the entity that placed the call on behalf of Bank of America, placed the call to [Ms.] Dutriaux, [plaintiff's] roommate and the telephone subscriber. DialAmerica's records demonstrate that it associated the phone number with [Ms.] Dutriaux, not with [plaintiff]. To the extent that [plaintiff] picked up the phone, *he was an unintended and incidental recipient of the call*.

*Id.* at *4 (emphasis added).

The *Leyse* court ruled the individual the defendant was attempting to reach has statutory standing under the TCPA, *regardless of whether that individual was the telephone subscriber*. *Id.* at *5-6. In other words, in analyzing who has standing to bring a TCPA claim relating to a telephone call, the court simply asks who the defendant was calling for; the court does *not* ask who "owns" the phone, who is the "telephone subscriber," or who is an "authorized user." The court explained:

> Nor was Bank of America required to determine that [plaintiff's roommate] was the residential telephone subscriber. If Bank of America had the prior express consent of [plaintiff's roommate] to place the call to her residence, it would be free to call [plaintiff's roommate] regardless of whether [plaintiff's roommate] was the residential telephone subscriber. *To find otherwise would mean that when a business calls a person with a prerecorded message, that business could be liable to any individual who answers the phone despite the fact that the business only intended to call one person.*
>
> [Plaintiff] was not the called party and lacks standing to seek statutory damages from Bank of America under the TCPA. Therefore, the Amended Complaint must be dismissed . . . .

*Id.* at *5-6 (citations omitted) (emphasis added).

7

The *Leyse* court also noted:

> If any person who . . . answers the telephone call has standing to sue, then businesses will never be certain when . . . placing a call with a prerecorded message would be a violation of the TCPA. Under the statute, a business is permitted to . . . call with a prerecorded message to persons who have given prior express consent or with whom the business has an existing business relationship. When a business places such a call . . ., it does not know whether the intended recipient or a roommate or employee will answer the phone . . . . *If the business is liable to whomever happens to answer the phone . . ., a business could face liability even when it intends in good faith to comply with the provisions of the TCPA.*

*Id.* at *4 (citation omitted) (emphasis added).

In *Cellco*, the court analyzed who has statutory standing to assert a TCPA *cell phone claim*, like the claim at issue here. *See Cellco*, 2010 WL 3946713 at *9. The court applied the same logic and analysis used in *Leyse* and ruled:

> [E]xamination of the statutory scheme reveals that the TCPA cannot be construed as broadly as Plaintiffs suggest. By its terms, § 227(b)(1)(A)(iii) provides an exception for calls made for emergency purposes or made with the prior express consent of the called party. Accordingly, *the only logical reading of § 227(b)(1)(A)(iii) is one that would require the party asserting the claim to be the party to whom the call is directed.* Any other reading, would render the exception for calls "made with the prior express consent of the called party" a nullity.

*Id.* (emphasis added).

The *Cellco* court further explained:

> The statutory scheme simply cannot support an interpretation that would permit any "person or entity" to bring the claim for a violation, regardless of whether that person or entity was the called party (*i.e.*, the intended recipient of the call). Under such an interpretation, the exception contemplated by Congress in § 227(b)(1)(A) for calls made with "the prior express consent of the called party" would be rendered meaningless. Accordingly, this Court finds that under the statute's plain meaning, *it is the intended recipient of the call that has standing to bring an action for a violation of § 227(b)(1)(A)(iii)*.

*Id.* at *10 (emphasis added).

Several other courts, including the Eleventh Circuit, have likewise indicated that only the

8

intended recipient of the call has statutory standing to assert a TCPA claim relating to the call and there cannot be a TCPA violation simply because an unintended person answers the call. *See, e.g., Meadows v. Franklin Collection Service, Inc.*, 2010 WL 2605048, *6 (N.D. Ala. 2010) ("[I]t is clear that [defendant], in calling [plaintiff's] number, was attempting to contact a debtor using the number provided by that debtor. While [plaintiff] may have answered the phone, she was not the intended recipient of the call. [Defendant's] actions violated neither the spirit nor the letter of the TCPA."), *aff'd in relevant part*, 2011 WL 479997, *4 (11th Cir. 2011) (observing if the court accepted plaintiff's argument "a debt collector that used a prerecorded message would violate the TCPA if it called the debtor's number and another member of the debtor's family answered."); *Cubbage v. Talbots, Inc.*, 2010 WL 2710628, *3 (W.D. Wash. 2010) ("[Defendant] had the 'consent of the called party,' Mitchell, to place prerecorded messages to her telephone number. The fact that her husband answered the call does not alter the legal authority to place the call."). This analysis also comports with court rulings relating to who has standing to assert a TCPA "fax blast" claim when the fax is addressed to a certain person. *See, e.g., Kopff v. World Research Group, LLC*, 568 F.Supp.2d 39, 42 (D. D.C. 2008) (company's administrative assistant did *not* have standing to bring a TCPA "fax blast" claim for faxes addressed to the company's president).

In *Balbarin*, Judge Bucklo recently acknowledged and applied *Leyse* and *Cellco*. *See Balbarin*, 2011 WL 211013 at *1. The Court noted "*Leyse* held that an 'unintended and incidental recipient of the call' lacked standing under the TCPA." *Id.* Applying *Leyse*, Judge Bucklo ruled "plaintiff claims to have received a call *intended for her*, so the *Leyse* scenario does not obtain here." *Id.* (emphasis added). As to *Cellco*, Judge Bucklo correctly explained the court "reasoned that the relevant language of the TCPA 'would require the party asserting the claim to

9

be the party to whom the call is directed.'" *Id.* Applying *Cellco*, Judge Bucklo ruled "Defendant does not dispute that the call plaintiff claims to have received was directed to her," so "*Cellco* supports, rather than undermines, my decision." *Id.*

*Leyse*, *Cellco*, and *Balbarin* require dismissal of plaintiffs' TCPA claims. It is undisputed that plaintiffs were *not* the "called parties" or "intended recipients" of the MRS calls at issue. David's TCPA claim only relates to MRS calls to the 9181 number **_for Ms. Schultz or Christopher_**. *See* Docket No. 51, at ¶¶ 2, 10, & 12. And Christopher's TCPA claim, which is limited to MRS calls made after January 18, 2010, only relates to calls **_for Ms. Schultz_**. *Id.* at ¶ 27; Affidavit of M. Meyer, at ¶ 3. Plaintiffs, therefore, do *not* have statutory standing to assert the TCPA claims because their claims relate to calls *intended for someone else*. As the *Leyse* and *Cellco* courts noted, if the Court were to rule otherwise, a business could face liability even when the business intended in good faith to comply with the law and reach someone else. *See, e.g., Leyse*, 2010 WL 2382400 at *4 ("If the business is liable to whomever happens to answer the phone . . ., a business could face liability even when it intends in good faith to comply with the provisions of the TCPA."). The Court should dismiss plaintiffs' TCPA claims.

### B. Even If the Court Extended TCPA Standing to Telephone Subscribers Who Are Not the Intended Recipients of the Calls, Plaintiffs' TCPA Claims Would Still Fail

Plaintiffs' TCPA claims would fail even if the Court extended TCPA standing to telephone subscribers who are not the intended recipients of the calls. As to David, it is undisputed that he is *not* the telephone subscriber for the 9181 number he contends belongs to him. *See* U.S. Cellular Bills for 9181 Number. At best, David is an "authorized user" of the 9181 number, along with other individuals. And such a status is *not* enough to create TCPA standing. David's TCPA claim, therefore, should be dismissed as a matter of law.

Although it appears Christopher may be the telephone subscriber for the 9181 and 8862

numbers, his TCPA claim only relates to calls for Ms. Schultz. As explained above, Christopher does *not* have statutory standing to assert a TCPA claim for these calls because he was not the intended recipient of the calls. Furthermore, as explained below, Christopher cannot assert a TCPA claim relating to these calls due to the settlement with Ms. Schultz. To rule otherwise would improperly permit double recovery under the TCPA for the same alleged violations.

### *C. Plaintiffs' TCPA Claims Relating to Calls for Ms. Schultz Are Moot Due to the Settlement with Ms. Schultz*

On June 25, 2010, Ms. Schultz settled any and all claims she had against MRS by entering into a Release and Settlement Agreement with MRS. *See* J. Schultz Release and Settlement Agreement. At the time of the settlement, Ms. Schultz was represented by opposing counsel in this case, Alexander H. Burke.

Pursuant to the settlement, Ms. Schultz released MRS from any claim she "ever had, or now has, against MRS by reason of any matter, cause or thing whatsoever occurring from the beginning of the world to the date of this Release, regarding any of the allegations made or that could have been made in the Lawsuit, including, but not limited to, the debt collection activities of MRS[.]" *Id.* at p. 2, ¶ 3. Ms. Schultz represented and warranted "that she has not transferred, assigned or otherwise sold any portion of the claims or causes of action . . . which are related in any way to the Account or the collection attempts related to the Account, *and that she is the sole holder of such claims and causes of actions*." *Id.* at pp. 2-3, ¶ 6 (emphasis added).

All MRS calls for Ms. Schultz stopped no later than March 1, 2010, well *before* Ms. Schultz executed her settlement agreement with MRS on June 25, 2010. *See* Affidavit of M. Meyer, at ¶ 3. It is undisputed that Ms. Schultz and opposing counsel were aware at the time of the settlement of the calls to the 9181 and 8862 numbers for Ms. Schultz. Pursuant to the case law discussed above, Ms. Schultz had standing to bring a TCPA claim relating to the calls. Ms.

11

Schultz was the "owner" of any TCPA claim relating to calls for her. Indeed, Ms. Schultz represented and warranted she was "the sole holder" of all claims and causes of action relating to calls made on her account. J. Schultz Release and Settlement Agreement, at pp. 2-3, ¶ 6.

With full knowledge that MRS called the 9181 and 8862 numbers to reach her, Ms. Schultz settled *all of her claims* against MRS *without any condition, limitation, or reservation whatsoever*. *Id.* In light of this fact, no one else may recover for the same calls; any and all TCPA claims relating to these calls have been settled and released through the settlement agreement with Ms. Schultz. *Id.* If the Court permitted plaintiffs to pursue TCPA claims relating to calls for Ms. Schultz *on top of the MRS settlement agreement with Ms. Schultz*, the Court would be permitting double recovery—with the first recovery to Ms. Schultz and the second to plaintiffs. There is no basis for permitting double recovery under the TCPA, which expressly recognizes only one recovery. *See* 47 U.S.C. § 227(b)(3) (granting private right of action to "a person" to file "an action" based upon alleged violations).

The unfortunate truth is plaintiffs are trying to "pull a fast one." Only 13 days after Ms. Schultz signed her settlement agreement with MRS, plaintiffs ran to federal court and filed the instant TCPA class action believing they could ignore their mother's settlement agreement with MRS. *See* Docket No. 1. But plaintiffs' own allegations prove that any claim, including any TCPA claim, relating to the calls for Ms. Schultz have always belonged to Ms. Schultz, not plaintiffs. In their original Complaint, plaintiffs' TCPA claims related exclusively to MRS calls to the 9181 and 8862 numbers for Ms. Schultz. *Id.* at ¶¶ 2 & 7. As originally pled, plaintiffs alleged the MRS calls for Ms. Schultz "were designed to humiliate Julie Schultz into paying the alleged debt, through annoying her family and friends." *Id.* at ¶ 11. While MRS denies plaintiffs' allegations regarding the purpose of the company's calls to the 9181 and 8862

numbers, plaintiffs' allegations further establish that any claim relating to the MRS calls was owned by Ms. Schultz. Considering Ms. Schultz settled all claims she had against MRS, the Court should dismiss plaintiffs' TCPA claims with prejudice and at plaintiffs' cost.[2]

### IV. CONCLUSION

Considering the foregoing, the Court should grant MRS' Motion for Partial Summary Judgment and dismiss plaintiffs' TCPA claims with prejudice and at plaintiffs' cost.

Respectfully submitted,

/s/ James K. Schultz
Attorney for MRS Associates, Inc.,
n/k/a MRS BPO LLC

James K. Schultz
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
55 West Monroe Street, Suite 1120
Chicago, IL 60603
Telephone: 312-578-0990
Facsimile: 312-578-0991
jschultz@sessions-law.biz

Bryan C. Shartle
SESSIONS, FISHMAN, NATHAN & ISRAEL, L.L.C.
Lakeway Two, Suite 200
3850 N. Causeway Boulevard
Metairie, LA 70002
Telephone: 504-828-3700
Facsimile: 504-828-3737
bshartle@sessions-law.biz

Attorneys for MRS Associates, Inc.,
n/k/a MRS BPO LLC

---

[2] MRS also notes that Ms. Schultz agreed "to indemnify and hold MRS harmless if [she] is found to have pursued any Released Claim against any Released Party." J. Schultz Release and Settlement Agreement, at p. 2, ¶ 4. The settlement agreement also requires Ms. Schultz to pay all attorneys' fees and costs incurred by MRS in enforcing the agreement. *Id.* at p. 4, ¶ 13. If the Court permits plaintiffs' TCPA claims to go forward, MRS intends to file a third party demand against Ms. Schultz for breach of contract/indemnity relating to her misrepresentation to MRS that she was "the sole holder" of the TCPA claims plaintiffs are now asserting or her breach of the settlement agreement through her improper transfer of said claims to plaintiffs.

## **CERTIFICATE OF SERVICE**

I certify that on this 23rd day of March 2011 a copy of the foregoing **Memorandum of Law in Support of Motion for Partial Summary Judgment** was filed electronically in the ECF system. Notice of this filing will be sent to the parties of record by operation of the Court's electronic filing system, including plaintiff's counsel, as described below. Parties may access this filing through the Court's system.

>Alexander H. Burke
>BURKE LAW OFFICES, LLC
>155 N. Michigan Ave., Suite 9020
>Chicago, IL 60601
>Telephone: 312-729-5288
>Facsimile: 312-729-5289
>aburke@burkelawllc.com

>/s/ James K. Schultz
>Attorney for MRS Associates, Inc.,
>n/k/a MRS BPO LLC

\\sfnfs02\prolawdocs\9441\9441-27232\Mack, David & Christopher\375361.doc